■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD CHAPMAN, Respondent. — Order, Supreme Court, New York County (Burton B. Roberts, J.), entered February 5, 1982, which denied the People's application that defendant be sentenced as a second violent felony offender (Penal Law, § 70.04), is unanimously reversed, on the law and the facts, the application granted, and the judgment modified only to the extent of reversing and vacating the sentence and remanding for resentencing as a second violent felony offender, and otherwise affirmed. After a dispute with a desk clerk, on March 27, 1980, defendant allegedly started a fire in his room at the Imperial Court Hotel, located at 307 West 79th Street, Manhattan. Subsequent to that incident, defendant was indicted and, thereafter, was convicted by a jury of the crime of arson in the second degree (Penal Law, § 150.15). Prior to the sentencing date, the People, pursuant to CPL 400.16, filed a statement of persistent violent felony offender status against defendant. This statement contained allegations that defendant had previously been convicted by plea of two predicate violent felony offenses, to wit: (1) on February 1, 1973 in the Supreme Court, Bronx County, of an attempt to commit the crime of arson in the second degree (Penal Law, §§ 110.00, 150.15), which is a class C violent felony offense (Penal Law, § 70.02); and (2) on April 4, 1977 in the Supreme Court, Bronx County, of the crimes of assault in the second degree (Penal Law, § 120.05) and reckless endangerment in the first degree (Penal Law, § 120.25), of which the offense of assault in the second degree is a class D violent felony offense (Penal Law, § 70.02). At arraignment, he challenged the constitutionality of the prior pleas. Commendably the People conceded that the 1973 attempted arson conviction could not be used as a predicate violent felony because of a change in the law concerning the crime of arson, which occurred after defendant had committed that crime. Therefore, a hearing was held concerning the 1977 plea only. After this hearing, the sentencing Justice found that, due to "the shabbiness" of the procedure used by the 1977 court, this plea had been unconstitutionally obtained. Thus, the sentencing court imposed the minimum indeterminate sentence possible, which was 4½ to 9 years. We disagree. Based upon our review of the record, and despite defendant's history of alcoholism and periods of psychiatric disturbance, we find that the 1977 plea of the defendant, which was accepted by an experienced Trial Justice was not "shabby" since it represented a "voluntary and intelligent choice among the alternative courses of action open to the defendant" (*North Carolina v Alford,* 400 US 25, 31; *People v Francabandera,* 33 NY2d 429, 434). In every significant respect this 1977 plea satisfied the requirements of *People v Nixon* (21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067). This defendant was represented by competent counsel, who actively participated in the plea negotiations, and the defendant "had an extensive record and was, therefore, familiar with the ways of criminal proceedings" (*People v Nixon, supra,* at p 350). Concur — Kupferman, J. P., Sullivan, Ross, Carro and Milonas, JJ.