■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. BRUSH, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered December 13, 1982, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third

degree. Defendant contends that errors in the manner in which the combined plea and sentencing hearing was conducted require reversal. We disagree and affirm. Although a plea of guilty waives, *inter alia,* certain Federal constitutional rights (see *Boykin v Alabama,* 395 US 238, 243), there is no requirement that a court specifically enumerate those rights so long as the record indicates that the plea was intelligent and voluntary (*People v Harris,* 61 NY2d 9; *People ex rel. Woodruff v Mancusi,* 41 AD2d 12, app dsmd 34 NY2d 951). Furthermore, there is no ritualistic catechism concerning the factual basis of a guilty plea which must precede the taking of the plea, the extent of questioning prior to taking a guilty plea being left to the discretion of the trial court (*People v Nixon,* 21 NY2d 338, 353-356, cert den *sub nom. Robinson v New York,* 393 US 1067). The record discloses that County Court, although not enumerating those Federal constitutional rights delineated in *Boykin v Alabama* (*supra*), as waived by a guilty plea, informed defendant that a guilty plea waived his constitutional rights, except the right to appeal, and operated just like a conviction after a trial by jury. The record further discloses that defendant, who was no stranger to the criminal justice system (see *People v Nixon, supra,* p 353), was represented by counsel who took an active role before and at the hearing (*id.,* at p 354). Defendant also acknowledged that he performed the act alleged in that count of the indictment to which he pleaded guilty. On this record, we are satisfied that defendant's guilty plea was made intelligently and voluntarily and that County Court did not abuse its discretion in questioning defendant about the factual basis of the crime. Defendant's other claims of error occurring at the hearing are likewise without merit. There was nothing to indicate that defendant had a meritorious "agency" defense to the crime to which he pleaded guilty and defendant does not allege that his counsel inadequately represented him by failing to pursue any such defense. There was sufficient compliance under CPL 400.21 regarding the procedures required on predicate felony charges because defendant was aware of the charge and admitted the prior conviction (see *People v Queen,* 84 AD2d 649, 649-650; *People v Provost,* 76 AD2d 944, 945). Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.