■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK LATTMEN, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered December 14, 1982, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree. ¶ On September 16, 1982, defendant was indicted for the crime of assault in the second degree (Penal Law, § 120.05, subd 1). At such time, defendant was serving a term of imprisonment at the Coxsackie Correctional Facility and the assault was committed in that facility. After arraignment and the entry of a plea of not guilty, defendant, on November 9, 1982, changed his plea to guilty, with counsel present, upon the recommendation of the District Attorney that he be sentenced to an indeterminate term of one and one-half to three years, to run consecutively with the term defendant was already serving. ¶ On December 14, 1982, when defendant appeared for sentencing, the People advised the court that the sentence previously recommended was not authorized by statute. The People further advised the court that they would consent to a withdrawal of such plea by defendant and would further consent to defendant's entry of a plea of guilty to the crime of attempted assault in the second degree, a class E felony, with a recommended sentence of two to four years. Defendant withdrew his previous plea to assault in the second degree and entered a plea of guilty to the crime of attempted assault in the second degree. The People then filed a special information charging defendant with a predicate felony offense and provided defendant with a copy. Defense counsel then advised the court that the attempted assault in the second degree charge was not a violent felony offense, and requested the court to sentence defendant to the minimum term permissible by statute, an indeterminate term from one and one-half to three years, consecutive to the term defendant was then serving. With the consent of the District Attorney and the admission of defendant that he had been previously convicted of a class C felony, the court imposed a sentence of one and one-half to three years to run consecutively to the term defendant was serving. ¶ On this appeal, defendant urges as reversible error the failure of the trial court to conduct a sufficient inquiry to ascertain whether defendant's plea

was entered knowingly, intelligently and voluntarily, and, further, the failure of the People and the court to substantially comply with CPL 400.21 in sentencing defendant as a second felony offender. ¶ With respect to both of these issues, we hold, contrary to defendant's contention, that the Trial Judge adequately interrogated defendant before accepting his plea. In response to the court's inquiry regarding defendant's understanding of the consequences of his plea, his satisfaction with the services of his attorney, the absence of any threats or promises to obtain his plea, and whether he was entering his plea with the exercise of his own free will, defendant replied in the affirmative. No more is required. There is no requirement for a "uniform mandatory catechism of pleading defendants" (*People v Nixon,* 21 NY2d 338, 353, cert den *sub nom. Robinson v New York,* 393 US 1067). There is no requirement that the Judge conduct a *pro forma* inquisition on the off-chance that a defendant who is adequately represented by counsel may nevertheless not know what he is doing (*People v Harris,* 61 NY2d 9, 16-17; *People v Francis,* 38 NY2d 150, 154). While detailed colloquy may be appropriate in certain instances, under ordinary circumstances, as here, such questioning is unnecessary (*People v Harris, supra,* p 16). ¶ As to defendant's contention that the People and the trial court did not satisfactorily comply with CPL 400.21 regarding the procedure for determining if a defendant was a second felony offender, we note that defendant not only was fully aware of his prior felony conviction, but knowingly and voluntarily admitted his guilt. Such has been held to constitute substantial compliance with CPL 400.21 by this court (*People v Provost,* 76 AD2d 944). Further, defendant's status as a second felony offender was not a contested issue at the time of sentencing, and, while it is preferred practice for the court to advise a defendant of his right to contest the constitutional basis of his prior conviction, the failure to do so does not warrant disturbance of the sentence imposed (*People v Collins,* 100 AD2d 691). The Court of Appeals in *People v Harris (supra)* held that the statutory requirements were met where, as here, a defendant admitted his previous felony convictions and acknowledged that he was subject to sentencing as a second felony offender. ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.