■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MCBRIDE, Appellant. — Judgment of the Supreme Court, New York County (Felice K. Shea, J.), rendered on June 29, 1981, which convicted defendant, upon pleas of guilty, of one count of robbery in the second degree and one count of attempted robbery in the first degree, and sentenced him as a persistent violent felony offender to concurrent indeterminate terms of 6 years to life imprisonment, is unanimously modified, on the law, to reverse as to the adjudication of defendant as a persistent violent felony offender, and vacate the previous sentences imposed, so that the Supreme Court, New York County, subsequent resentencing of the defendant as a second violent felony offender shall stand, and otherwise affirmed.

The defendant was convicted and sentenced twice in 1974 of possession of a weapon (loaded firearm). However, sentencing of

the first violent felony occurred after the defendant had committed the second felony. Therefore, according to section 70.10 (subd 1, par [c]) of the Penal Law, these two felonies only count as one conviction for the purposes of enhanced sentencing. (*People v Morse,* 62 NY2d 205, 223.) As a result, as conceded by the People, the defendant should have been sentenced in the instant case as a second violent felony offender instead of as a persistent violent felony offender.

Defendant's contention that enhanced sentences under the persistent violent offender statute are unconstitutional is without merit. (*People v Morse,* 62 NY2d 205, 217-218.) The contention of defendant's assigned counsel that defendant was coerced into entering his guilty plea is similarly without merit. The plea represented " 'a voluntary and intelligent choice among the alternative courses of action open to the defendant' ". (*People v Chapman,* 98 AD2d 640, citing *North Carolina v Alford,* 400 US 25, 31.)

We have been informed that subsequent to the argument of this appeal, the defendant was resentenced in accordance with the foregoing, and, therefore, that aspect of the appeal is moot, and we affirm as to the other points raised. Concur — Kupferman, J. P., Sullivan, Ross and Bloom, JJ.