■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DEMAND, Appellant.—Main, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 4, 1985, convicting defendant upon his plea of guilty of four counts of the crime of robbery in the first degree.

Defendant pleaded guilty to four counts of robbery in the first degree in connection with four separate robberies in Rensselaer County in late 1983 and early 1984. As part of his negotiated plea bargain, defendant was to admit his status as a second felony offender and was to be sentenced accordingly. In response to a question posed by County Court, defendant stated that he understood that, as part of his plea, he would be sentenced as a second felony offender. Thereafter, defendant was sentenced to concurrent prison terms of 6 to 12 years on each count.

On appeal, defendant's sole argument is that the People and County Court did not satisfactorily comply with CPL 400.21. We do not agree. Here, as in a previous case considered by this court, defendant's status as a second felony offender was not a contested issue at the time of sentencing, and he freely acknowledged that he was subject to sentencing as a second felony offender (see, People v Lattmen, 101 AD2d 662, 663). His presentence report clearly shows that defendant had indeed been convicted of two felonies prior to the instant conviction, thereby rendering him a second felony offender (Penal Law § 70.06 [1]). Without doubt, it would have been preferable for County Court to have advised defendant of his right to contest the constitutional basis of his prior convictions. Its failure to

do so, however, does not warrant disturbance of the sentence imposed under the circumstances of this case *(see, People v Lattmen, supra; see also, People v Harris,* 61 NY2d 9, 20).

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.