■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. KOENIG, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered September 5, 1984, which resentenced defendant following his conviction of the crimes of attempted robbery in the first degree and unauthorized use of a vehicle in the first degree.

Defendant and his brother were arrested following the commission of an armed robbery at a residence in the Town of Brunswick on August 2, 1983. At the time of the attempted robbery, defendant was also using a stolen vehicle. Defendant was indicted for the crimes of robbery in the first degree and unauthorized use of a vehicle in the first degree. Defendant subsequently pleaded guilty to a reduced charge of attempted robbery in the first degree and to the unauthorized use of a vehicle charge as part of a plea bargain arrangement. Defendant was ultimately sentenced as a second violent felony offender (Penal Law § 70.04; CPL 400.15) to indeterminate prison terms of 4 to 8 years on the attempted robbery charge and 2 to 4 years on the unauthorized use of a vehicle charge. The sentences are to run concurrently.

Defendant appeals from the judgment of conviction, asserting that his plea of guilty was not knowingly and intelligently made, and that there was a failure of the sentencing court to comply with the procedures for second felony offender sentencing as set forth in CPL 400.15.

Defendant asserts that because no mention was made of the fact that he would be sentenced as a second violent felony offender at the time he pleaded guilty to the instant charges, he was unaware of the total ramifications of his plea. We disagree. The record clearly reflects that defendant's plea was part of a plea bargain arrangement. Defendant was advised by the trial court that he was pleading guilty to a violent felony, and at sentencing defendant's attorney readily acknowledged that defendant had a prior violent felony conviction *(see,*

*People v Lattmen,* 101 AD2d 662, 663). Defendant's plea to the instant offenses was based upon an agreed-upon sentence, which was imposed by the court (CPL 220.50 [5]). There is no question from the instant record that defendant was fully apprised of the nature and consequences of his guilty plea. There is no defect contained in the plea proceeding record before us which would warrant vacating defendant's knowing and voluntary guilty plea *(see, People v Harris,* 61 NY2d 9, 16-18).

Defendant also asserts an impropriety in the sentencing proceedings. He claims that there was a failure to comply fully with the procedures which govern sentencing of a second violent felony offender (CPL 400.15). We disagree. The People properly filed a statement with the trial court setting forth the existence of defendant's prior violent felony conviction (CPL 400.15 [2]). The record reflects that defense counsel had seen that statement, was reversed in its contents, and in fact addressed the court on the subject of defendant's prior violent felony conviction. At the sentencing proceeding, defense counsel acknowledged that defendant was a second violent felony offender. He also claimed that defendant's sentence on the prior violent felony conviction was unconstitutional in that it did not comply with the plea bargain pertaining to that sentence. Although that alleged impropriety took place some four years prior to the sentencing proceeding in the instant case, defense counsel acknowledged there had been no appellate or postconviction proceeding initiated by defendant to attack the validity of the prior sentence.

The People met their burden in the instant case *(see, People v Harris, supra,* p 15). There was no impropriety in the instant plea proceeding which would warrant vacating the plea *(see, People v Chapman,* 98 AD2d 640). There was compliance with the procedures required by CPL 400.15 *(cf. People v Lattmen, supra,* p 663) and defendant received the sentence agreed to in the plea bargain arrangement *(see, People v Walton,* 98 AD2d 842, 843).

Judgment affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.