■ The People of the State of New York, Respondent, v

HAROLD PAUL LILLER, Appellant.—Main, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 21, 1983, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and sodomy in the first degree.

Defendant was indicted and charged with the crimes of rape in the first degree, sodomy in the first degree, rape in the third degree and sodomy in the third degree. He thereafter pleaded guilty to the crimes of rape in the first degree and sodomy in the first degree in satisfaction of all four counts in the indictment. County Court sentenced defendant to concurrent prison terms of 8 to 16 years, and defendant thereafter moved unsuccessfully to vacate the judgment of conviction.

Defendant now argues that the manner in which his guilty plea was accepted and the manner in which he was sentenced failed to demonstrate that the plea was voluntarily and knowingly made. We do not agree. There is no ritualistic catechism regarding the factual basis of a guilty plea that must precede the taking of such plea, and the extent of the colloquy between the trial court and a criminal defendant prior to the taking of his plea is a matter left to the court's discretion *(People v Nixon,* 21 NY2d 338, 353-356, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Brush,* 99 AD2d 564, 565). Moreover, it is not mandated that the trial court "conduct a *pro forma* inquisition on the off-chance that a defendant who is adequately represented by counsel may nevertheless not know what he is doing" by pleading guilty *(People v Lattmen,* 101 AD2d 662, 663; *see, People v Harris,* 61 NY2d 9, 16-17).

Here, we are satisfied that defendant's guilty plea was made intelligently and voluntarily. Defendant, no stranger to the criminal justice system, was at all times represented by counsel who took an active role in all proceedings before County Court *(see, People v Brush, supra,* p 565). During those proceedings, in response to questions posed by County Court, defendant himself stated that he was entering the plea of his own free will and not as the result of threats or promises, and that he understood both the procedures that had theretofore been conducted and the consequences of his guilty plea *(see, People v Lattmen, supra,* p 663). We have examined defendant's remaining arguments and find each to be without merit.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.