■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RONALD LA GRAVE, Appellant.—Main, J. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered March 2, 1984, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree, and revoking defendant's probation and imposing a sentence of imprisonment.

Defendant was, in 1980, sentenced to five years' probation upon his plea of guilty to the crime of attempted burglary in the third degree. In 1984, after being arrested and charged with burglary in the third degree, defendant pleaded guilty to attempted burglary in the third degree and admitted to having violated his probation. Accordingly, County Court revoked defendant's probation and sentenced him to 1⅓ to 4 years' imprisonment therefor. In addition, the court sentenced defendant as a second felony offender to 2 to 4 years' imprisonment on the 1984 attempted burglary conviction. The two prison terms were to run consecutively.

On appeal, defendant asserts that the 1984 superior court information charging him with burglary in the third degree was defective because its factual allegations were insufficient. With respect to this argument, we note only that any claim of insufficiency in the factual allegations of the information was waived upon defendant's entry of his guilty plea (see, People v Nicholson, 98 AD2d 876). Further, we perceive no reason to review this issue in the interest of justice.

Next, defendant argues that he was not fully informed of his rights before he entered his guilty plea and the plea was, therefore, wrongly accepted. We disagree. No specific procedure in the taking of a plea is required so long as the defendant's rights are not prejudiced (People v Nixon, 21 NY2d 338, 355, cert denied sub nom. Robinson v New York, 393 US 1067; People v Taliaferro, 109 AD2d 943, 944). Defendant's rights clearly were not prejudiced here. County Court fully informed defendant of his rights and of the consequences of his entering a guilty plea. Further, the court ascertained that defendant was being adequately represented by counsel and that his guilty plea was knowingly, intelligently and voluntarily made. The court also warned defendant of the sentencing consequences if he were found to be a second felony offender. In light of the foregoing, and in view of the fact that defendant is no stranger to the criminal justice system, we find no error in County Court's acceptance of defendant's plea (see, People v Pratt, 99 AD2d 909; People v Brush, 99 AD2d 564, 565).

Finally, we find without merit defendant's contention that

the sentences imposed were unduly harsh because they were ordered to run consecutively. The sentence imposed upon the revocation of defendant's probation was within the statutory guidelines for the crime underlying the probation (see, Penal Law § 60.01 [4]; § 70.00 [2] [e]; [3] [b]), and the sentence on the 1984 attempted burglary conviction was likewise appropriate (see, Penal Law § 70.00 [2] [e]; [3] [b]; § 70.06 [3] [e]; [4] [b]). In addition, the fact that these prison terms were ordered to be served consecutively does not constitute error since "a court imposing an amended sentence upon adjudicating a defendant to be in violation of the terms of probation, may direct that the period of imprisonment run consecutively to any sentence of imprisonment imposed on [the] intervening crime" which formed the basis for the probation violation (People v Jackson, 106 AD2d 93-94).

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.