(May 12, 1988)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE FALLEN, Appellant.—Harvey, J.

On July 6, 1985, at approximately 7:30 P.M., defendant allegedly accosted James Mack on a street in the City of Schenectady and attempted to steal his wallet. Mack resisted and a struggle ensued. Michael Taylor, a neighbor of Mack, testified that he witnessed the struggle and came to Mack's aid. Another neighbor, Pauline Caudillo, called the police after seeing the incident. The police responded promptly and received descriptions of defendant from Taylor and Caudillo. Defendant was arrested shortly thereafter. Taylor and Caudillo both identified defendant's picture from a photographic array.

Defendant was charged with the crimes of robbery in the first degree, robbery in the second degree and assault in the second degree. Following a *Wade* hearing, defendant's motion to exclude the identification testimony of Taylor and Caudillo was denied. Defendant subsequently agreed to plead guilty to attempted robbery in the second degree in full satisfaction of the charges against him. Defendant was sentenced as a second felony offender to a term of imprisonment of 2 to 4 years. This appeal followed.

Initially, defendant contends that he was denied effective assistance of counsel by reason of the fact that his attorney did not challenge the constitutionality of his prior felony conviction, resulting in his being sentenced as a second felony offender. This contention is meritless. No allegation has been made nor any evidence presented indicating that defendant's prior felony conviction was of dubious constitutional validity. An attorney is under no obligation to pursue frivolous issues. A review of the record reveals that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137).

We are also unpersuaded by defendant's allegation that County Court failed to adequately comply with CPL 400.21. Defendant was provided with a predicate felony statement and acknowledged that he had been convicted of the felony indicated therein. Defendant's status was not contested and, indeed, was apparently recognized as part of the plea bargain whereby the People recommended the minimum sentence permissible for a recidivist upon a conviction of attempted robbery in the second degree. While County Court's procedure could have been more precise with respect to defendant's right to contest the validity of his prior conviction, the circumstances of this case do not warrant a vacatur of the sentence imposed *(see, People v Demand,* 115 AD2d 139).

Next, defendant asserts that County Court erred in not suppressing the identification testimony of Taylor and Caudillo. County Court found both that the photographic array was not unduly suggestive and that an independent basis existed for in-court identifications. Upon review of the record, we agree with County Court's conclusion that the photographic array was not unduly suggestive. However, even if we were to find error in the photographic array, it is clear that an independent basis existed for the witnesses' in-court identification. Taylor and Caudillo had seen defendant as he struggled with Mack. Taylor, in attempting to aid Mack, had observed defendant at a very close distance. Taylor and Caudillo both had given detailed descriptions of defendant to police. The prosecution presented clear and convincing evidence that the witnesses' ability to identify defendant as the perpetrator of the crime derived from a source independent of the purportedly tainted photographic array (see, *People v Wade,* 388 US 218, 240-241).

Defendant's contention that the sentence imposed was excessive and should be reduced in the interest of justice is totally devoid of merit. Defendant received the minimum sentence allowable for the crime to which he pleaded guilty.

Judgment affirmed. Casey, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.