■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MARKS, Also Known as GREGORY WINTERS, Appellant. —Judgment of the Supreme Court, New York County (Rose Rubin, J.), rendered January 18, 1990, convicting defendant, upon a plea of guilty, of violation of probation, which had been imposed on defendant's conviction of attempted robbery in the second degree, and sentencing defendant to an indeterminate term of imprisonment of 1½ to 4½ years to be served consecutively to two concurrent sentences of from 2 to 4 years and one concurrent sentence of from 1½ to 3 years, imposed under separate indictments, is unanimously modified, on the law and facts, to reverse and vacate the sentence imposed, and to remand for resentencing and otherwise affirmed.

On August 26, 1987, defendant, armed with a knife, stole the purse of a woman entering a residential building. Defendant was indicted for robbery in the first degree, but subsequently pleaded guilty on March 18, 1988, before Justice Rose Rubin, to attempted robbery in the second degree, in exchange for a sentence of five years probation, a $250 fine, and direction to enter an alcohol abuse program. Defendant was warned by Justice Rubin at the plea proceedings and at sentencing that any violation of the terms of his probation would result in an enhanced sentence, which the court advised would be at least seven years.

On August 1, 1989, defendant pleaded guilty before Justice Uviller under three separate indictments to two counts of robbery in the third degree and one count of bail jumping in the second degree. He was sentenced to concurrent terms of 2 to 4 years on the robbery counts and a concurrent term of 1½ to 3 years on the bail jumping charge. In connection with this latter plea, both the court and the prosecutor agreed to recommend that Justice Rubin sentence defendant to concurrent time for violation of probation while stressing it could not "bind" Justice Rubin's hands as to the violation of probation.

When defendant appeared before Justice Rubin and pleaded guilty to violation of probation, the prosecutor noted that the Probation Department had recommended that defendant be sentenced to a term of 1½ to 4½ years to run consecutively to the sentence imposed on the underlying conviction. It did not recommend a concurrent sentence in accordance with the prior plea agreement. Defense counsel (a different appointed

attorney from the one representing defendant at the plea and sentence before Justice Uviller) was unaware of the contrary recommendation of concurrent sentences which had been promised by the court and prosecutor on defendant's prior plea and sentence. Counsel noted that "it was his [defendant's] understanding that they [the prior pleas of guilty] would cover a violation of probation, and that sentence would run concurrent with the sentence he is serving, two to four". Counsel requested time "to investigate" the issue, or to obtain the underlying minutes but the court denied an adjournment and imposed the consecutive sentence recommended by the Probation Department.

Defendant's contention that the sentence was excessive is without merit. A court imposing an amended or enhanced sentence following a violation of probation may direct that the sentence run consecutively to the sentence on the intervening crime, which formed the basis of the probation violation *(People v La Grave,* 122 AD2d 294, 296; *see,* Penal Law § 70.25 [1]). Here, defendant's sentence of 1½ to 4½ years was less than the maximum sentence of 2⅓ to 7 years which could have been imposed and which Justice Rubin, in fact, had previously indicated she would impose on a violation of probation.

Nor does defendant's record warrant any greater leniency. While he originally appeared before the court as a sympathetic character, having graduated from high school and being honorably discharged from the army, his commission of two further robberies within nine months, while on probation, indicates that defendant has willfully embarked on a career of crime.

However, we determine the sentence imposed should be vacated and the matter remanded for resentencing since the promise of a recommendation of concurrent sentences was not kept.

While the People are correct that defendant never raised his claim below, either at sentencing or by motion to vacate the judgment, and has therefore failed to preserve it, as a matter of law, consideration is warranted in the interest of justice, since the basic integrity of the proceedings has been implicated.

Accordingly, we remand for resentencing before Justice Rubin where defendant can be accorded what was promised— the *recommendation* of a concurrent sentence on the violation of probation. We, of course, note that Justice Rubin will not

be bound by such recommendation by the People. Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.