■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR D. RICH, Appellant. [781 NYS2d 536]—

Cardona, P.J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered July 1, 2003, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and resisting arrest.

Defendant was charged in a five-count indictment with driving while intoxicated and other crimes after he failed to cooperate with police officers during a traffic stop. He entered a plea of not guilty and his wife posted bail in the amount of $5,000 cash. After further court appearances, when it was revealed that defendant's wife needed the bail money to support their family, bail was reduced to $3,500 cash. During defendant's last court appearance, it was disclosed that defendant's wife wished to obtain the return of the $3,500 in bail money. By that time, the prosecution had made a plea offer under which defendant would plead guilty to driving while intoxicated and resisting arrest, as misdemeanors, and be sentenced to concurrent one-year jail terms, in full satisfaction of the indictment. Defendant accepted the plea offer and was sentenced as promised the same day. This appeal ensued.

Defendant challenges the voluntariness of the plea, asserting that County Court should have made a further inquiry to insure that he was not coerced into entering the plea by the return of his wife's bail money. Initially, because defendant did not move to withdraw his plea or vacate the judgment of conviction, this contention is not preserved for our review (see *People v Keyes*, 300 AD2d 909, 909-910 [2002]; *People v Richardson*, 295 AD2d 763, 764 [2002], *lv denied* 98 NY2d 771 [2002]). The narrow exception to the preservation rule is inapplicable inasmuch as "defendant's recitation of the facts underlying the crime[s] pleaded to . . . [did not] call[ ] into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Horace*, 8 AD3d 752, 752 [2004]; *People v Schell*, 300 AD2d 1120, 1122 [2002], *lv denied* 99 NY2d 632 [2003]). The transcript of the plea proceedings reveals that defendant was advised of the ramifications of pleading guilty, indicated that he understood them and was not pressured or coerced into entering the plea. The mere fact that defendant's wife sought the return of the bail money at the time that the plea proceedings were ongoing does not support the inference that the plea was coerced, thereby triggering County Court's obligation to conduct a further inquiry. Defendant did not mention the bail issue as a factor prompting his decision to plead guilty and the record indicates that his main concern was the timing of his sentencing. Consequently, we find no reason to disturb the plea or the judgment of conviction.

Mercure, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.