■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY L. DANIELS, Appellant. [790 NYS2d 759]—Mugglin, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered October 1, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

By agreement, defendant entered a guilty plea to criminal possession of a controlled substance in the fifth degree in return for the dismissal of pending robbery and assault charges as well as the prosecution's agreement not to pursue potential perjury charges. In addition, defendant agreed to waive his right to appeal and the prosecution and defense counsel agreed to a joint sentencing recommendation of 2 to 4 years in prison. County Court, however, did not promise to abide by the joint sentencing agreement or to impose a particular sentence, but rather advised defendant that he could receive up to seven years in prison. After defendant entered his guilty plea, County Court sentenced him as a predicate felony offender to 3½ to 7 years in prison. He now appeals.

Defendant's main argument is that he was denied the effective assistance of counsel because he did not obtain the benefit of the joint sentencing recommendation. To the extent that this claim is directed at sentencing, not the voluntariness of the plea, it is precluded by defendant's waiver of the right to appeal (*see People v Howard*, 1 AD3d 718, 719 [2003]).

Defendant further contends that his plea and waiver of the right to appeal were not knowing, voluntary or intelligent because they were entered in reliance on the joint sentencing recommendation. Such claim is similarly unpreserved due to the absence of a motion to withdraw the plea or vacate the judgment of conviction (*see People v Scott*, 12 AD3d 716, 717 [2004]). The narrow exception to the preservation rule is inapplicable as nothing in the plea colloquy casts doubt on defendant's guilt (*see People v Kemp*, 288 AD2d 635, 636 [2001]). Moreover, he was fully advised of the consequences of pleading guilty and

waiving his right to appeal and affirmatively communicated to County Court his understanding and desire to enter the plea.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.