■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GUTIERREZ, Appellant. [844 NYS2d 514]—

Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 4, 2006, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a weapon in the third degree and conspiracy in the sixth degree.

In satisfaction of an eight-count indictment stemming from the seizure of a handgun and quantities of cocaine, marihuana and ecstacy from the residence of defendant and his codefendant, defendant pleaded guilty to the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree agreeing that his respective prison sentences would be 10 years with a term of postrelease supervision and 2⅓ to 6 years, and he waived his right to appeal. While in jail awaiting sentencing, defendant and his codefendant were caught attempting to smuggle contraband into the jail and, at sentencing on the original two counts, defendant pleaded guilty to an additional misdemeanor count in satisfaction of charges arising from that incident and also consented to an increase in the previously agreed-upon sentences for the original two counts. County Court then sentenced

defendant to, among other things, concurrent terms of imprisonment of 13 years to be followed by five years of postrelease supervision on the charge of criminal possession of a controlled substance in the first degree, $2^1/_3$ to 7 years on the charge of criminal possession of a weapon in the third degree and 30 days for the misdemeanor charge. Defendant now appeals.

Initially, we note that, inasmuch as he has failed to move to withdraw his plea or vacate the judgment of conviction, defendant's challenge to the voluntariness of his plea is unpreserved for our review (*see People v Phillips*, 41 AD3d 969, 969-970 [2007]; *People v Daniels*, 16 AD3d 780, 780 [2005]; *People v Rich*, 10 AD3d 739, 740 [2004]). In any event, if we were to address defendant's contention we would find it to be without merit. A review of the transcript of the plea allocution reveals that defendant was fully apprised of his rights and the ramifications of pleading guilty and affirmatively communicated to County Court his understanding and desire to plead guilty. Thus, we are satisfied that defendant's plea was knowing, intelligent and voluntary (*see People v Daniels*, 16 AD3d at 780; *People v Rich*, 10 AD3d at 740). Furthermore, in light of defendant's express denial upon questioning by County Court that coercion, force or threats played any part in his decision to plead guilty and that he declined an opportunity to speak at his sentencing hearing and made no attempt to withdraw his plea, his present assertion that he was coerced is not supported in the record before us. Additionally, we conclude that, under the present circumstances, the vague, unsubstantiated letter concerning his codefendant submitted to County Court by a nonparty following the entry of defendant's plea did not trigger a duty on the part of County Court to inquire further at defendant's sentencing into whether he was coerced (*see People v Wagoner*, 30 AD3d 629, 630 [2006]; *People v Rich*, 10 AD3d at 740; *compare People v Moore*, 244 AD2d 706, 706-707 [1997]).*

Finally, defendant's contention that County Court erred in referring to the charge of criminal possession of a weapon in the third degree as a class A felony is meritless. When read in context, it is clear that County Court properly treated the weapons charge as a class D felony, as defendant's sentence of $2^1/_3$ to 7 years on that charge reflects (*see* Penal Law § 70.00).

---

\* The letter was apparently written by a member of the community in support of a lengthy sentence for defendant's codefendant, but it contains, in passing, a claim that "[defendant] pleaded guilty out of fear of [his codefendant's] father, who has been paying for [defendant's] attorney." Importantly, defendant made no such assertion before County Court and makes no such assertion to this Court.

As a result, defendant's claims of ineffective assistance of counsel and an improper sentence premised on this assertion are unavailing.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.