■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SCRIBNER, Appellant. [908 NYS2d 763]—

Peters, J.P. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered January 16, 2009, convicting defendant upon his plea of guilty of the crime of failure to register under the Sex Offender Registration Act.

In January 2009, defendant pleaded guilty to an indictment charging him with failure to register under the Sex Offender Registration Act (*see* Correction Law § 168-f [4]; § 168-t) and was sentenced to the agreed-upon term of 1 to 3 years in prison. Defendant now appeals, contending that his plea was defective and the sentence imposed was harsh and excessive.

We affirm. Contrary to defendant's assertion, the alleged deficiencies in his plea allocution are not jurisdictional in nature but, rather, implicate the sufficiency and voluntariness of his plea. In this regard, defendant's failure to move to withdraw his plea or vacate the judgment of conviction render these issues unpreserved for our review (*see People v Bethel*, 69 AD3d 1126, 1127 [2010]; *People v Scitz*, 67 AD3d 1251 [2009]; *People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]). Further, the narrow exception to the preservation requirement is not triggered here, as defendant did not make any statements during the plea allocution that negated an element of the crime or otherwise cast doubt upon his guilt (*see People v Dixon*, 62 AD3d 1214 [2009], *lv denied* 13 NY3d 743 [2009]; *People v Dobrouch*, 59 AD3d 781 [2009], *lv denied* 12 NY3d 853 [2009]). In any event, there is no "ritualistic catechism" that must be followed prior to accepting a guilty plea, and "the extent of the colloquy between the trial court and a criminal defendant prior to the taking of the plea is a matter left to the court's discretion" (*People v Liller*, 116 AD2d 919, 920 [1986], *lv denied* 67 NY2d 946 [1986]; *see People v Allen*, 79 AD2d 1004 [1981]).

Here, a review of the plea allocution reveals that defendant, through his affirmative responses to County Court's inquiries, expressed both his understanding of his rights and his desire to plead guilty. Thus, were we to reach this issue, we would find that defendant's plea was knowing, intelligent and voluntary (*see People v Gutierrez*, 45 AD3d 971, 972 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Wright*, 21 AD3d 583, 584 [2005], *lv denied* 5 NY3d 857 [2005]; *People v Davis*, 250 AD2d 939, 941 [1998]). Defendant's remaining contention—that the sentence imposed was harsh and excessive—has been examined and found to be lacking in merit.

Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.