People v Harrington (2018 NY Slip Op 06828)





People v Harrington


2018 NY Slip Op 06828


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

107930

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANIEL HARRINGTON, Also Known as ACE, Appellant.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Elena Jaffe Tastensen, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Milano, J.), rendered May 15, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In full satisfaction of an indictment charging him with various crimes, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and executed a waiver of the right to appeal. Consistent with the terms of the plea agreement, defendant was subsequently sentenced, as a second felony drug offender, to a prison term of four years to be followed by two years of postrelease supervision. Defendant appeals.
We affirm. Initially, we reject defendant's claim that his waiver of the right to appeal was invalid. County Court explained that the right to appeal was separate and distinct from the rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hess, 150 AD3d 1560, 1560 [2017]), and the record further reflects that defendant executed a detailed written appeal waiver and acknowledged that he had discussed the waiver with counsel and understood it (see People v Rutigliano, 159 AD3d 1280, 1280 [2018], lv denied 31 NY3d 1121 [2018]; People v Simmons, 159 AD3d 1270, 1271 [2018]). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary (see People v Wood, 161 AD3d 1447, 1448 [2018]; People v Baxter, 154 AD3d 1010, 1011 [2017]).
Defendant's contention that his plea was coerced or involuntary because of his incarceration and inability to obtain bail survives his valid appeal waiver but is not preserved for our review, as there is no indication in the record that he made an appropriate postallocution motion (see People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]; [*2]People v Rich, 10 AD3d 739, 740 [2004]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant's "recitation of the facts underlying the crime pleaded to" did not "cast[] significant doubt upon defendant's guilt or otherwise call[] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]). The transcript of the plea proceedings reflects that defendant was advised of the consequences of pleading guilty, that he understood those consequences and that he was not threatened, forced or coerced in any way to plead guilty and was "pleading guilty under [his] own decision." Furthermore, defendant never mentioned or gave any indication that his incarceration during the pendency of these proceedings or his failed attempt to obtain bail were factors that affected or influenced his decision to plead guilty (see People v Zabawczuk, 128 AD3d 1267, 1268 [2015], lv denied 26 NY3d 937 [2015]; People v Rich, 10 AD3d at 740; compare People v Grant, 61 AD3d 177, 182-184 [2009]). Accordingly, there is no basis in the record before us to disturb the judgment of conviction.
Garry, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.
ORDERED that the judgment is affirmed.