The People of the State of New York, Respondent,
against
Michael Jackson, Appellant.




New York City Legal Aid Society (Elizabeth L. Isaacs of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Victor Barall of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Jane C. Tully, J.), rendered August 14, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]). The factual portion of the accusatory instrument alleges, among other things, that defendant had knowledge of, and violated, a July 4, 2015 order of protection, issued by the Criminal Court and in effect until January 4, 2016, which ordered him not to have any contact with the complainant or to make telephone calls to her. It further alleged that, on July 10, 2015 at approximately 12:25 a.m., the complainant received a telephone call from a "number she recognized as belonging to the defendant." 
Defendant was subsequently arrested and incarcerated for 10 days, because he could not post bail, before appearing at a proceeding held on August 14, 2015. Initially, the People offered defendant the opportunity to plead guilty to a class A misdemeanor with a 20-day jail sentence. Defense counsel expressed defendant's desire to prove his innocence at trial, but then made a counteroffer of a 15-day jail term once the court refused to change defendant's bail status. After the court indicated that the trial would be held on August 20, 2015, defendant, with the aid of [*2]counsel, waived prosecution by information and pleaded guilty to the charge of criminal contempt in the second degree. He admitted that he had made the telephone call to the complainant in violation of the order of protection. During his plea allocution, he stated that he had not been forced into entering the plea. The Criminal Court immediately sentenced defendant to a 15-day jail term and a conditional discharge.
Defendant challenges the facial sufficiency of the accusatory instrument, arguing that it provides no facts establishing how the complainant knew that the telephone number of the call she received belonged to him. Defendant also contends that his guilty plea was coerced since he had to remain in jail until a trial could be conducted without any chance of being released prior thereto.
Since defendant expressly waived prosecution by information, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]; 100.40 [4] [a]) and provides reasonable cause to believe that the defendant committed the offense charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]). So long as the factual allegations of an accusatory instrument provide an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (see People v Dreyden, 15 NY3d at 103; People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Konieczny, 2 NY3d at 576; People v Casey, 95 NY2d 354, 360 [2000]). 
The essential elements of the crime of criminal contempt in the second degree (see Penal Law § 215.50 [3]) are that a lawful order of the court was in effect, that the defendant had knowledge of the order of protection, and that the defendant intentionally disobeyed it (see People v Contreras, 58 Misc 3d 132[A], 2017 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see generally Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). Giving the accusatory instrument a reasonable and not overly technical reading, we find that the allegations that defendant had knowledge of an order of protection that was in effect at that time, that the order of protection, among other things, directed defendant to refrain from having "any contact" with the complainant or to make telephone calls to her, and that the complainant had received a telephone call from a number she recognized as belonging to defendant, satisfied the requirements of a jurisdictionally sufficient misdemeanor complaint charging criminal contempt in the second degree. The allegation that the complainant knew that it was defendant's telephone number was based upon her personal knowledge, the source or validity of which is a matter to be raised at trial (see People v Casey, 95 NY2d at 360). In addition, the allegations set forth in the accusatory instrument, which include the specific date and time of the occurrence, provided defendant with notice sufficient to prepare a defense and were adequately detailed to prevent defendant from being tried again for the same offense (see People v Dreyden, 15 NY3d at 103; People v Kalin, 12 NY3d at 231-232; People v Casey, 95 NY2d at 360).
Although defendant did not move to withdraw the plea (see CPL 220.60 [3]; 340.20 [1]), since he was sentenced in the same proceeding in which he had entered his plea, he had no practical ability to object to the perceived error in the plea allocution and, therefore, preservation is not required in order to obtain appellate review (see People v Peque, 22 NY3d 168, 182-183 [2013]; People v Louree, 8 NY3d 541, 546 [2007]).
In order to be valid, a guilty plea must be entered voluntarily, knowingly and intelligently (see People v Mox, 20 NY3d 936 [2012]; People v Hill, 9 NY3d 189, 191 [2007]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]). A plea is voluntary if it represents a choice freely made by the defendant among legitimate alternatives (see North Carolina v Alford, 400 US 25, 31 [1970]; People v Hale, 93 NY2d 454, 463 [1999]), and voluntariness is determined by consideration of all of the relevant circumstances (see Brady v United States, 397 US 742, 749 [1970]).
Here, it cannot be said that defendant's guilty plea was coerced. The mere fact that defendant would remain incarcerated for another six days until the trial, as he could not post bail, did not constitute coercion (see People v Siders, 123 AD3d 408 [2014] [maintaining the same bail conditions as had been previously set did not constitute undue persuasion for the defendant to plead guilty]; see generally People v Elting, 18 AD3d 770 [2005]; People v Jones, 232 AD2d 505 [1996]; People v McKenna, 51 Misc 3d 62 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Delvecchio, 34 Misc 3d 142[A], 2012 NY Slip Op 50091[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). The conduct which defendant claims to have been coercive amounted to nothing more than sound advice about the consequences of not accepting the plea bargain being offered to him at that time (see People v Mason, 56 AD3d 1201 [2008]; People v Hamilton, 45 AD3d 1396 [2007]; People v Mann, 32 AD3d 865 [2006]; People v Elting, 18 AD3d 770; People v Carrasquillo, 291 AD2d 238 [2002]). Significantly, defendant confirmed that he was pleading "freely and voluntarily," and that no one had forced him to plead guilty. Defendant was factually allocuted by the court and admitted having made the telephone call to the complainant in violation of the order of protection. The mere fact that defendant had initially rejected the People's plea offer and wanted to prove his innocence but changed his mind immediately after the court denied his bail application did not require any additional inquiry by the court (see People v Rich, 10 AD3d 739 [2004]). This is not a case where "the court made an unadorned threat to remand the defendant without bail if he did not plead guilty, and that the threat was a powerful factor in persuading the defendant to enter the plea when he did" (People v Grant, 61 AD3d 177, 184 [2009]). Moreover, the court was under no obligation to reduce defendant's bail or release him on his own recognizance pending the trial, which was scheduled to take place a few days later, particularly since he faced the possibility of being convicted of criminal contempt in the second degree (see generally People ex rel. Lobell v McDonnell, 296 NY 109 [1947] [pursuant to Code of Criminal Procedure § 553, whether or not bail is to be raised or reduced is a matter of discretion for the trial court]; People ex rel. Fraser v Britt, 289 NY 614 [1942]). Defendant's plea represented "a voluntary and intelligent choice among the alternative courses of action open to" him (People v Chapman, 98 AD2d 640, 640 [1983] [internal quotation marks omitted]), and nothing in defendant's plea allocution cast doubt on the plea's voluntariness.
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018