The People of the State of New York, Respondent,
against
Carmelo Flores, Appellant.




Scott M. Bishop, for appellant.
Westchester County District Attorney (William C. Milaccio and Jennifer Spencer of counsel), for respondent.

Appeal from a judgment of the City Court of White Plains, Westchester County (Brian Hansbury, J.), rendered September 15, 2017. The judgment convicted defendant, upon his plea of guilty, of petit larceny, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
In 2011, defendant was charged in an accusatory instrument with petit larceny (Penal Law § 155.25). After defendant twice failed to appear in court to answer the charge, the City Court issued a warrant for his arrest. In 2017, defendant appeared in court and an offer was made for him to plead guilty to the charge in exchange for a promised sentence of 30 days' imprisonment. On September 8, 2017, in consideration of entering into the plea, defendant, along with his attorney and the prosecutor, executed a misdemeanor conviction waiver of rights form and a waiver of the right to appeal form. On the same day that those forms were executed, defendant informed the court that he had not had enough time to consult with his attorney about whether to take the plea, and the court adjourned the matter for a week so as to allow defendant to do so. At the following court appearance, held on September 15, 2017, defendant agreed to plead guilty to petit larceny, as charged, and, at this same proceeding, the City Court sentenced him, as promised, to 30 days' imprisonment. On appeal, defendant contends that he did not enter his [*2]guilty plea knowingly, voluntarily and intelligently, since he did not have a full understanding or appreciation of the plea and its consequences.
A defendant may waive the right to appeal as a condition of a guilty plea (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d 1, 10 [1989]; People v Brown, 122 AD3d 133 [2014]), which, generally, will encompass any issue that does not involve a right of constitutional dimension going to "the very heart of the process" (Lopez, 6 NY3d at 255; see also People v Pacherille, 25 NY3d 1021, 1023 [2015]). We need not pass on the validity of defendant's appeal waiver because the contention raised by defendant on appeal pertaining to the voluntariness of his guilty plea is a claim which survives even a valid waiver of the right to appeal (Lopez, 6 NY3d at 255; see People v Bond, 146 AD3d 1155 [2017]; People v Balbuena, 123 AD3d 1384 [2014]; People v Owusu, 60 Misc 3d 130[A], 2018 NY Slip Op 50989[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Ayala, 55 Misc 3d 150[A], 2017 NY Slip Op 50755[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). While, "[g]enerally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013]; see also People v Conceicao, 26 NY3d 375, 381 [2015]), here, defendant's claim is reviewable on direct appeal despite the fact that he did not move to withdraw his plea, as defendant, having pleaded guilty and been sentenced in the same proceeding, faced a practical inability to move to withdraw his plea (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Louree, 8 NY3d 541, 546 [2007]; People v Hutchinson, 61 Misc 3d 153[A], 2018 NY Slip Op 51805[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). 
Trial courts "need not engage in any particular litany" when allocuting a defendant (Conceicao, 26 NY3d at 382; see People v Tyrell, 22 NY3d 359, 365 [2013]). Instead, "a flexible rule that considers all of the relevant circumstances surrounding a plea" must be applied in reviewing the validity of a guilty plea (Conceicao, 26 NY3d at 382 [internal quotation marks omitted]; see also Sougou, 26 NY3d at 1055; People v Harris, 61 NY2d 9, 19 [1983]). A guilty plea will be upheld "[s]o long as the record as a whole affirmatively disclose[s] that a defendant who pleaded guilty entered his [or her] plea understandingly and voluntarily" (Conceicao, 26 NY3d at 383 [internal quotation marks omitted]; see Harris, 61 NY2d at 19).
Defendant argues that one of the reasons that he did not have a full understanding or appreciation of the plea and its consequences is that the court's warning pertaining to the immigration consequences of his guilty plea, as required by People v Peque (22 NY3d 168), was insufficient. In Peque, the Court of Appeals held that "deportation constitutes such a substantial and unique consequence of a plea that it must be mentioned by the trial court to a defendant as a matter of fundamental fairness" (id. at 193) and, when this rule applies, "[t]he trial court must provide a short, straightforward statement on the record notifying the defendant that, in sum and substance, if the defendant is not a United States citizen, he or she may be deported upon a guilty plea" (id. at 197). "In the alternative, the court may recite the admonition contained in CPL 220.50 (7)" (id.). The Court of Appeals specifically stated, however, that it had merely provided examples which were "illustrative, not exhaustive, of potentially acceptable advisements regarding deportation" (id.).
Here, the allocution record demonstrates that the court properly discharged its duty under [*3]Peque, as it ensured that defendant was aware that, if he were not a United States citizen, he could be deported upon his guilty plea (see id.; People v Williams, 63 Misc 3d 130[A], 2019 NY Slip Op 50409[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Cardoza, 48 Misc 3d 130[A], 2015 NY Slip Op 51031[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). More specifically, initially, the court confirmed with defense counsel that the immigration consequences of pleading guilty had already been explained to defendant prior to the plea proceeding. Additionally, the court confirmed with defendant that he had executed a misdemeanor conviction waiver of rights form and that the content of the form had been fully explained to him by his attorney. The record further demonstrates that, in paragraph 14 of the misdemeanor conviction waiver of rights form, defendant was informed that, if he was not a United States citizen, his guilty plea might result in his deportation and exclusion from the United States. Moreover, we note that, in the context of the misdemeanor conviction waiver of rights form, defendant was asked by the City Court whether he understood that, upon his guilty plea, his conviction "may impact and have consequences with respect to immigration[] status," to which defendant responded: "Yes, I do." Immediately after providing that warning, the court followed up by asking defendant whether he still wanted to plead guilty, to which defendant responded: "Yes. I am pleading guilty." Consequently, defendant's contention that he did not have a full understanding or appreciation of the plea's consequences because the court's Peque warning was insufficient lacks merit (see Williams, 63 Misc 3d 130[A], 2019 NY Slip Op 50409[U]; Cardoza, 48 Misc 3d 130[A], 2015 NY Slip Op 51031[U]).
Defendant further argues that the statement that he made at the plea proceeding, to the effect that he "was a little confused," casts doubt on the voluntariness of his plea, which warranted a more extensive inquiry from the court into the nature of his confusion. The record demonstrates that, on September 8, 2017, after defendant had executed the misdemeanor conviction waiver of rights form, while being allocuted by the court, defendant was hesitant to plead guilty, expressing that he had not had enough time to speak with his attorney and make a decision. As a result, the court adjourned the matter to September 15, 2017, so as to allow defendant time to speak with his attorney and consider whether to take the plea. Subsequently, during the course of the plea proceeding conducted on September 15, 2017, when defendant was asked by the court whether the misdemeanor conviction waiver of rights form had been fully explained to him, after conferring with his attorney, defendant responded, "I was a little confused, but I understand." In fact, the record demonstrates that defendant had conferred with his attorney twice during the allocution, at times when he had questions about the proceeding, and, immediately following both times, the court asked defendant whether he still wanted to plead guilty, so as to ensure that defendant understood what was happening at the proceeding. Defendant responded to the court's inquiries by stating that he understood everything that was transpiring at the proceeding, that he had had enough time to consider the plea, and that he was satisfied with the representation provided to him by his attorney, and by confirming that he still desired to plead guilty. Consequently, there was no requirement for the court to have conducted any further inquiry (see generally People v Rich, 10 AD3d 739 [2004]; People v Carrasquillo, 291 AD2d 238 [2002]). 
As a result, viewed as a whole, the record affirmatively demonstrates that defendant's plea was entered into knowingly, voluntarily and intelligently, as he had a full understanding and [*4]appreciation of the guilty plea and its consequences (see People v Pellegrino, 26 NY3d 1063 [2015]; Conceicao, 26 NY3d at 379, 383; Harris, 61 NY2d at 17; People v Scivolette, 60 Misc 3d 127[A], 2018 NY Slip Op 50936[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), including the possible consequence of deportation (see Peque,22 NY3d at 193, 197). 
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019