■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. BATEMAN, JR., Appellant. [719 NYS2d 162] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 8, 1999, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

An indictment charged defendant with burglary in the second degree and two counts of intimidating a witness in the third degree. At a November 8, 1999 appearance in County Court, defendant's counsel indicated that defendant was willing to enter into a plea bargain wherein he would satisfy the indictment with a guilty plea to a reduced charge of attempted burglary in the third degree and receive a five-year determinate sentence with two years of postrelease supervision. At County Court's prompting, defendant's counsel corrected herself and indicated that she intended to say "attempted burglary second degree." County Court thereupon proceeded with the plea allocution and asked defendant whether he did on November 9, 1998 knowingly enter or remain unlawfully in a particular dwelling with the intent to commit a crime therein. Defendant responded in the affirmative. County Court thereupon indicated its willingness to accept defendant's plea of guilty and stated, "With regard to the crime of attempted burglary in the *third* degree, how do you plead?" (emphasis supplied). Defendant responded, "Guilty." The proceedings then continued with a second felony offender adjudication and other matters that are not at issue here, and defendant was ultimately convicted on his plea of guilty of attempted burglary in the second degree and sentenced in accordance with the plea bargain.

Defendant now appeals, contending that, as related to the crime of attempted burglary in the second degree, his plea of guilty was not knowingly and voluntarily entered but was the product of a mistake in fact, that he was denied effective assistance of counsel and that the sentence imposed by County Court was illegal or, alternatively, was harsh and excessive. We agree with the first of defendant's contentions and therefore need not consider the others.

The record of the November 8, 1999 proceedings, and particularly the portion previously set forth herein, raises a serious question in our minds as to whether defendant intended to enter a plea of guilty to the crime of attempted burglary in the second degree. Under the circumstances, we feel that de-

fendant should be allowed to withdraw his guilty plea. Although it would have been preferable for defendant to have raised the issue before County Court, because defendant's ostensible plea of guilty to the lesser crime of attempted burglary in the third degree raises an obvious question concerning the voluntariness of his plea to the crime for which he was convicted, we conclude that he is not prevented from raising the issue for the first time on appeal (see, People v Lopez, 71 NY2d 662, 666; People v Moore, 244 AD2d 706).

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.