■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC COPELAND, Appellant. [721 NYS2d 896] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]) and two counts of rape in the first degree (Penal Law § 130.35 [1]) in satisfaction of a 13-count indictment charging him in connection with the rape, attempted rape and robbery of four young women. Contrary to the contention of defendant, County Court did not include post-release supervision as part of his sentence. In any event, defendant is not subject to the post-release supervision imposed in Penal Law § 70.45 (1) because the violent felonies of which he is convicted were committed prior to September 1, 1998 (*see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.45, 2001 Pocket Part, at 120).

Defendant failed to request an adjournment when it was discovered at sentencing that he was not notified seven days prior thereto that representatives of two of the victims intended

to make a statement at sentencing (*see*, CPL 380.50 [2] [b]). Thus, defendant waived his present contention that the court erred in permitting the representatives to speak. Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Rape, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.