■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMAL ABDULLAH, Appellant. [803 NYS2d 294]—Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 31, 2003, which resentenced defendant following his conviction of the crime of criminal use of a firearm in the first degree.

Based on an incident that occurred in July 1998, defendant pleaded guilty to attempted murder in the second degree, three counts of robbery in the first degree, two counts of criminal possession of a weapon in the third degree and criminal use of a firearm in the first degree. County Court sentenced defendant as a second violent felony offender to concurrent prison terms of 10 years for the attempted murder and robbery convictions and three years for the criminal possession of a weapon convictions, and a consecutive term of five years for the criminal use of a firearm conviction. On a prior appeal, this Court vacated the sentence on the criminal use of a firearm conviction and remitted for resentencing on that count (298 AD2d 623 [2002]). After County Court resentenced defendant on that count to a concurrent 10-year term, he appealed.

Defendant's contentions concerning postrelease supervision are baseless because that was not part of his sentence, nor could it have been because his crimes predated the effective date of the law mandating imposition of such supervision (*see* Penal Law § 70.45; L 1998, ch 1, § 44; *People v Copeland*, 281 AD2d 985, 985 [2001], *lv denied* 96 NY2d 861 [2001]). Because defendant received the minimum sentence permissible under the law (*see* Penal Law § 70.04 [3] [a]), his sentence was not vindictive, harsh or excessive.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.