■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN HEREDIA, Appellant. [821 NYS2d 497]—

Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 10, 2005, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty in full satisfaction of a four-count indictment to burglary in the second degree. He was thereafter sentenced in accordance with the negotiated plea agreement as a second felony offender to a five-year prison term followed by five years of postrelease supervision. Defendant now appeals, contending that his plea was involuntary and that his sentence should be reduced in the interest of justice. We disagree and affirm.

Defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders his challenge to the voluntariness of his plea unpreserved for our review (*see People v Adams*, 26 AD3d 597, 598 [2006]). Even if we were to consider the claim, we would find it unavailing. Defendant indicated during his plea allocution that he understood his rights and the ramifications of pleading guilty, that he was not being coerced into entering a plea and that he had no questions for either his attorney or County Court concerning the negotiated plea agreement. Defendant then freely admitted to the underlying facts of the crime and his guilt in connection therewith. Under the circumstances, we conclude that defendant's plea was knowing, intelligent and voluntary (*see People v Bennett*, 24 AD3d 975, 975 [2005], *lv denied* 6 NY3d 831 [2006]; *People v Kearney*, 14 AD3d 938, 938-939 [2005], *lv denied* 4 NY3d 854 [2005]).

Defendant's assertion that his sentence should be modified is equally unfounded. The agreed-upon sentence was the minimum allowable by law (*see* Penal Law § 70.06 [6] [b]; *see also People v Deale*, 29 AD3d 602 [2006]; *People v Abdullah*, 23 AD3d 692 [2005], *lv denied* 6 NY3d 773 [2006]).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.