(January 11, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. MYRICKS, Appellant. [826 NYS2d 520]—Lahtinen, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered February 28, 2006, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, an inmate at a state correctional facility, was charged with six counts of assault in the second degree after allegedly injuring several correction officers in a fight. He eventually accepted a plea agreement in which he pleaded guilty to one count of assault in the second degree in full satisfaction of the charges and was sentenced, as a second violent felony offender, to a prison term of five years followed by five years of postrelease supervision. Defendant appeals.

We affirm. Defendant's arguments that his plea was not voluntary and that his counsel was ineffective were unpreserved for review since he did not move to withdraw his guilty plea or vacate the judgment of conviction (*see People v Ferreri*, 271 AD2d 805, 805 [2000], *lv denied* 95 NY2d 834 [2000]; *see also People v Heredia*, 32 AD3d 1111, 1112 [2006]; *People v Blaydes*, 19 AD3d 935, 936 [2005], *lv denied* 5 NY3d 803[2005]). No exceptions to the rule are implicated herein (*see People v Kelly*, 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]) and, even if we were to consider the arguments, we would not be persuaded. The plea colloquy reveals that defendant was not pressured, he understood his rights as well as the terms of the

plea deal, and he freely admitted the facts constituting the crime (*see People v Willis*, 3 AD3d 793, 793-794 [2004], *lv denied* 2 NY3d 766 [2004]). As to his counsel's effectiveness, defendant stated at the time of his plea that he was satisfied with the representation provided by counsel and nothing in the record suggests that such representation was not meaningful (*see People v Bennett*, 24 AD3d 975, 975 [2005], *lv denied* 6 NY3d 831 [2006]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.