■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY M. GRIFFIN, Appellant. [850 NYS2d 297]—

Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 18, 2007, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was indicted and charged with assault in the second degree. He subsequently pleaded guilty to such charge and, following sentencing, appealed from the judgment of conviction.

Defendant's sole contention on appeal is that his plea was not knowing and voluntary due to the alleged insufficiency of the plea allocution. Inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction, he has not preserved for our review the factual sufficiency of the plea (*see People v Ramirez*, 45 AD3d 1108, 1108 [2007]; *People v Sanabria*, 43 AD3d 1228, 1229 [2007]). The exception to the preservation rule is inapplicable here since there is nothing in the plea colloquy that casts significant doubt on defendant's guilt or the voluntariness of his plea (*see People v Hall*, 41 AD3d 1090, 1091 [2007], *lv denied* 9 NY3d 876 [2007]; *People v Rose*, 41 AD3d 1033, 1034 [2007], *lv denied* 9 NY3d 926 [2007]). On the contrary, defendant stated during such colloquy that, while an inmate at the Broome County Jail, he punched someone causing an injury to the man's lip requiring nine stitches, thereby sufficiently establishing the elements of the crime, including intent to cause physical injury (*see People v Gannon*, 301 AD2d 873, 873 [2003]). Further, defendant was informed of the rights being given up by and the consequences of entering a guilty plea, and he affirmatively communicated to County Court that he had not been coerced into entering the plea and that he had sufficiently discussed the plea bargain with his attorney. Therefore, we have no reason to view defendant's plea as anything but knowing, intelligent and voluntary (*see People v Gutierrez*, 45 AD3d 971, 972 [2007]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.