■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC S. SMITH, Appellant. [869 NYS2d 693]—

Stein, J.

In July 2007, defendant was indicted on eight counts of burglary in the second degree and eight counts of petit larceny after he unlawfully entered several residences and took jewelry, cash and cell phones. He pleaded guilty to eight counts of burglary in the second degree in full satisfaction of the indictment. Pursuant to the plea agreement, County Court sentenced defendant as a second felony offender to eight concurrent prison terms of eight years, with five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's contentions that his guilty plea was not voluntary and was factually insufficient and that he was denied the effective assistance of counsel are unpreserved for our review as he failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Lopez*, 52 AD3d 852, 852-853 [2008]; *People v Edwards*, 43 AD3d 1227, 1228 [2007], *lv denied* 9 NY3d 1005 [2007]; *People v Myricks*, 36 AD3d 1006, 1006 [2007], *lv denied* 8 NY3d 948 [2007]). Moreover, no exception to the preservation rule is applicable to the challenge to the voluntariness of the plea as defendant made no statements that were inconsistent with his guilt (*see People v Lopez*, 52 AD3d at 853; *People v Ramirez*, 42 AD3d 671, 672 [2007]).

In any event, defendant's claims are without merit. Inasmuch as County Court fully apprised defendant of the ramifications of his guilty plea during the plea colloquy and defendant both communicated that he understood the ramifications and allocuted to eight counts of the crime of burglary in the second degree, we find that he entered his plea knowingly, intelligently and voluntarily (*see People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]; *People v Olivieris*, 40 AD3d 1313, 1314 [2007]). Furthermore, contrary to defendant's suggestion, it was not necessary that he "personally recite the facts underlying [his] crimes" (*People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]).

As to defendant's claim that he was denied the effective assistance of counsel, none of his specific claims of inadequacies is supported by the record. Insofar as defendant received a favor-

able plea bargain and stated during the colloquy that he had ample opportunity to consult with counsel concerning his plea and that he was satisfied with counsel's representation, we find that defendant was afforded the effective assistance of counsel (*see People v Myricks*, 36 AD3d at 1007; *People v Graham*, 35 AD3d 1039, 1040 [2006], *lv denied* 8 NY3d 922 [2007]; *People v Miller*, 17 AD3d 931, 932 [2005], *lvs denied* 5 NY3d 854 [2005], 6 NY3d 756 [2005]). Moreover, defendant's contention that counsel failed to properly investigate his case, including interviewing witnesses, concerns matters outside the record and are more appropriately the subject of a CPL article 440 motion (*see People v Douglas*, 38 AD3d 1063, 1064 [2007], *lv denied* 9 NY3d 843 [2007]).

Finally, we have considered defendant's contention that his sentence was harsh and excessive and find it to be unavailing. Nothing in the record convinces us that County Court abused its discretion nor are there any extraordinary circumstances warranting a reduction of the negotiated sentence (*see People v Edwards*, 43 AD3d at 1228).

In view of the foregoing, defendant's remaining argument is academic.

Mercure, J.P., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.