THIRD DEPARTMENT, FEBRUARY, 2009

(February 5, 2009)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. BRADY, Appellant. [872 NYS2d 246]—

Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 4, 2006, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

After waiving indictment, defendant pleaded guilty to burglary in the second degree as charged in a superior court information. Under the terms of the plea agreement, defendant was sentenced as a second felony offender to five years in prison, to be followed by five years of postrelease supervision, and ordered to pay restitution for the burglary charged in the information and other burglary charges disposed of by the agreement. Following a hearing, defendant was ordered to pay restitution in the amount of $795.35 and was sentenced in accordance with the plea. Defendant now appeals, contending that his guilty plea was not knowing, voluntary and intelligent.

Initially, this challenge is not preserved for our review because defendant never moved to withdraw his plea or to vacate the judgment of conviction (*see People v Robles*, 53 AD3d 686, 687 [2008], *lv denied* 11 NY3d 794 [2008]; *People v Stokely*, 49 AD3d 966, 967 [2008]). Moreover, the exception to the preservation rule (*see People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Lopez*, 71 NY2d 662, 666 [1988]) is inapplicable here. Although defendant asserts that he was originally unaware that the restitution agreed upon included not only the burglary charged in the information but also the other burglary charges disposed of by the plea agreement, County Court afforded him several opportunities to move to withdraw his plea after he became aware of this requirement, and he declined to do so.

To the extent that defendant contends that the restitution ordered at the hearing improperly included $457.50 for another burglary charge to which he did not plead guilty, this claim is also without merit. Penal Law § 60.27 (4) (a) provides that, for purposes of ordering restitution, the "offense" shall "include the offense for which a defendant was convicted, as well as any other offense . . . that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense." Here, defendant's plea agreement disposed of the additional burglary charge and, consequently, the restitution ordered properly included the $457.50 in relation to the charge.

Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.