(April 9, 2009)

The People of the State of New York, Respondent, v Jose Vasquez, Also Known as Tony, Appellant. [876 NYS2d 548]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), rendered June 24, 2005 in Ulster County, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, burglary in the first degree (two counts) and robbery in the first degree.

Defendant and two other individuals planned to break into the victim's apartment while he was away to steal drugs and money. Defendant and one of the individuals entered the

victim's apartment during the overnight hours of October 17-18, 2004. When the victim unexpectedly returned, they assaulted and killed him. Defendant, who lived in the same building as the victim, was one of many potential witnesses interviewed by police on October 18, 2004. Further investigation by police revealed possible inaccuracies in defendant's statement, which resulted in a follow-up interview. During the course of that interview, defendant acknowledged providing incorrect information in his earlier statement and, at that time, he was given *Miranda* warnings. Thereafter, police learned that the other individual who entered the apartment had confessed and implicated defendant. Confronted with this evidence, defendant, after again being Mirandized, gave police an inculpatory statement.

Defendant was indicted on two counts of murder in the second degree, two counts of burglary in the first degree, two counts of robbery in the first degree and one count of hindering prosecution in the first degree. His motion to suppress his statement to police was denied following a *Huntley* hearing. Thereafter, he pleaded guilty to one count of murder in the second degree, two counts of burglary in the first degree and one count of robbery in the first degree. He was sentenced to prison terms of 20 years to life on the murder count and 20 years on the remaining counts, all to run concurrently. Defendant appeals.

Defendant initially argues that his statement to police should have been suppressed since Spanish is his primary language, he did not fully understand the *Miranda* warnings that were given in English and, thus, he did not knowingly and intelligently waive his right to remain silent. An effective waiver must be preceded by *Miranda* warnings that the suspect understands (*see People v Sirno*, 76 NY2d 967, 968 [1990]; *People v Singh*, 285 AD2d 563, 564 [2001], *lv denied* 97 NY2d 688 [2001]). The investigator involved in the questioning of defendant testified at the suppression hearing that defendant stated he understood his rights after being advised of them. The *Miranda* warnings were administered a second time before defendant gave his statement and, at that time, defendant specifically said that he could read and write English. The investigator who administered the *Miranda* warnings the second time asked defendant to read out loud the first warning from the sheet, which he did successfully. The investigator then read all the warnings to defendant, asked him if he understood, and defendant responded that he did. Defendant did not request an interpreter and the investigator stated that defendant conversed well in English. Supreme Court's determination that defendant understood his rights and

freely waived them is amply supported by the record, and we discern no reason to disturb that determination (*see People v Gerena*, 49 AD3d 1204, 1205 [2008], *lv denied* 10 NY3d 958 [2008]; *People v Mora*, 36 AD3d 1142, 1143-1144 [2007], *lv denied* 8 NY3d 988 [2007]).

Defendant's contention that his purported inability to adequately understand English resulted in his plea not being made knowingly, voluntarily and intelligently was not properly preserved by a motion to withdraw the plea or vacate the judgment of conviction (*see People v Nunez*, 56 AD3d 897, 898 [2008], *lv denied* 11 NY3d 928 [2009]; *People v Griffin*, 47 AD3d 1164 [2008]). In any event, nothing in the colloquy indicates that defendant did not act knowingly and voluntarily, and, in fact, Supreme Court had a Spanish interpreter assist defendant during the plea allocution.

The final argument advanced by defendant is that Supreme Court erred in denying his motion challenging the composition of the grand jury upon the ground that it did not represent a fair cross section of the community. Defendant bore the burden of showing "that a substantial and identifiable segment of the community was not included in the jury pool based on a systematic exclusion of that group" (*People v Williams*, 256 AD2d 661, 663 [1998], *lv denied* 93 NY2d 981 [1999]; *see People v Guzman*, 60 NY2d 403, 410-411 [1983], *cert denied* 466 US 951 [1984]). His conclusory assertion that Hispanics were systematically excluded from the jury pool was premised upon "information and belief" and was not supported by any proof. Accordingly, the motion was properly denied (*see People v Studstill*, 27 AD3d 833, 835 [2006], *lv denied* 6 NY3d 898 [2006]; *People v Blanchard*, 279 AD2d 808, 811 [2001], *lv denied* 96 NY2d 826 [2001]).

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.