1214

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNEY DIXON, Appellant. [879 NYS2d 631]—

Mercure, J.P. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered May 2, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant pleaded guilty to the sole count of the indictment charging him with criminal possession of a controlled substance in the third degree, received the agreed-upon sentence of five years in prison followed by two years of postrelease supervision, and executed a written waiver of his right to appeal. Defendant now appeals contending, among other things, that his waiver and resulting plea were involuntary.

We affirm. Contrary to defendant's assertion, the record reflects that his waiver of the right to appeal was knowing, intelligent and voluntary. County Court's explanation of the significance of the appeal waiver to defendant, along with defendant's detailed written waiver executed in open court, adequately described the nature and scope of the rights waived. In addition, County Court confirmed that defendant had discussed the matter with counsel and ensured that such waiver had not been coerced (*see People v Morrishaw*, 56 AD3d 895, 896-897 [2008], *lv denied* 12 NY3d 761 [2009]; *People v Jeske*, 55 AD3d 1057, 1057-1058 [2008], *lv denied* 11 NY3d 898 [2008]). Accordingly, we discern no basis upon which to invalidate defendant's valid waiver.

To the extent that defendant separately challenges the voluntariness of his plea, the issue survives his waiver of the right to appeal; his failure to move to withdraw his plea or vacate his judgment of conviction, however, renders this issue unpreserved for our review (*see People v Nunez*, 56 AD3d 897, 898 [2008], *lv denied* 11 NY3d 928 [2009]; *People v Vallance*, 49 AD3d 917, 917 [2008], *lv denied* 10 NY3d 845 [2008]). Further, "[t]he narrow exception to the preservation requirement is not triggered here inasmuch as defendant did not make any statements during his allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (*People v Dobrouch*, 59 AD3d 781, 781 [2009]).

We reach a similar conclusion regarding defendant's ineffective assistance of counsel claim—namely, that to the extent that it survives his waiver of the right to appeal, defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders this claim unpreserved for our review (*see id.* at

781; *People v Crudup*, 45 AD3d 1111, 1111 [2007]). Moreover, in view of defendant's statements that he had sufficient time to confer with counsel and was satisfied with counsel's representation, and based upon our review of the record as a whole, reversal in the interest of justice is unwarranted here.

Finally, defendant's assertion that the negotiated sentence is harsh and excessive is precluded by his valid waiver of the right to appeal (*see People v Crudup*, 45 AD3d at 1112).

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.