(July 2, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY L. SWARTS, Appellant. [882 NYS2d 736]—

Kavanagh, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered November 21, 2008, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant pleaded guilty to sexual abuse in the first degree in full satisfaction of a three-count indictment arising out of charges that he molested the six-year-old daughter of a woman with whom he was living. Pursuant to the negotiated plea agreement, defendant was sentenced to four years in prison followed by five years of postrelease supervision. He now appeals and we affirm.

Defendant's contentions that his plea was involuntary and factually insufficient are precluded by his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Brady*, 59 AD3d 748, 748 [2009]; *People v Smith*, 57 AD3d 1237, 1237 [2008]). Moreover, the narrow exception to the preservation rule is inapplicable inasmuch as defendant did not make any statement during the plea that negated an element of the crime or cast doubt on his guilt (*see People v Grant*, 60 AD3d 1202, 1202-1203 [2009]). On the contrary, although the record does reflect defendant's initial confusion as to the exact charge to which he was pleading guilty, County Court fulfilled its duty to inquire further and defendant expressly admitted to inserting his finger into the victim's vagina (*cf. People v Bateman*, 278 AD2d 749, 749-750 [2000]). Indeed, a review of the plea allocution reveals that County Court fully apprised defendant of the ramifications associated with pleading guilty and indicates that such plea was entered voluntarily, knowingly and intelligently (*see People v Demontigny*, 60 AD3d 1152, 1153 [2009]).

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.