█ The People of the State of New York, Respondent, v Patrick S. Miller, Appellant. [886 NYS2d 836]—

Kavanagh, J. Appeal from a judgment of the County Court of Clinton County (Lawliss, J.), rendered October 2, 2006, convicting defendant upon his plea of guilty of the crimes of assault in the second degree, criminal possession of a weapon in the third degree (two counts), menacing in the second degree and unlawful imprisonment in the second degree.

Defendant was charged with assaulting his ex-wife, threatening her with a weapon, menacing and unlawful imprisonment. After waiving indictment and agreeing to being prosecuted by superior court information, defendant, on the day his trial was to commence, pleaded guilty to all of the charges contained in the information in exchange for a commitment by County Court that any prison terms imposed as his sentence would run concurrently with each other. County Court subsequently sentenced defendant as a second felony offender to an aggregate prison term of six years, followed by five years of postrelease supervision.[1] Defendant now appeals.

Initially, we note that defendant has not moved to withdraw his plea or vacate his judgment of conviction and, as a result, any claim that his guilty plea was involuntarily entered or that he was denied the effective assistance of counsel has not been preserved for our review (see *People v Dantzler*, 63 AD3d 1376 [2009]; *People v Dixon*, 62 AD3d 1214 [2009], *lv denied* 13 NY3d 743 [2009]; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]). In addition, defendant, during his plea allocution, did not make any statements or take any action that called into question either his guilt or the voluntariness of his plea (see *People v Gilmour*, 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). While he claims that he did not receive effective assistance from his counsel, the allegations involve matters that, for the most part, fall outside the record. Equally important, this contention is at odds with statements made by defendant during his plea allocution to the effect that he had sufficient time to confer with counsel and was satisfied with counsel's efforts on his behalf (see *People v Dixon*, 62 AD3d at 1214; *People v Dobrouch*, 59 AD3d at 782).

Finally, defendant's sentence was not harsh or excessive.[2] By his plea, he stands convicted of striking his ex-wife in the face with a chukka stick, holding a switchblade to her neck and confining her to a bathroom for a substantial period of time— all actions that justifiably placed her in fear that she would be

**1.** County Court initially imposed a three-year period of postrelease supervision, however, in November 2006, the court reconvened and resentenced defendant to five years of postrelease supervision as required by Penal Law § 70.45 (2).

**2.** While defendant challenges the integrity of his decision to waive his right to appeal, there is no indication in the record that such a waiver ever occurred before County Court. Therefore, defendant is not precluded from raising this issue.

harmed and seriously injured. County Court, when imposing sentence, observed that defendant not only appeared unwilling to accept full responsibility for his actions, but did not exhibit any sign that he regretted what had occurred with his ex-wife. In addition, defendant was convicted of a felony only one month prior to this attack and he had just begun to serve a period of probation as his sentence for that offense. Accordingly, County Court did not abuse its discretion and no extraordinary circumstances exist justifying a modification of the sentence (*see People v Lee*, 51 AD3d 1217, 1218 [2008]).

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.