■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANENE CAMPBELL, Appellant. [889 NYS2d 287]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered December 5, 2007, convicting defendant upon her plea of guilty of the crime of forgery in the second degree.

Defendant pleaded guilty to one count of forgery in the second degree in satisfaction of a 19-count indictment and waived her right to appeal. County Court sentenced her, as a second felony offender, to the agreed-upon prison term of 3½ to 7 years. Defendant now appeals.

Initially, we reject defendant's challenge to the validity of her appeal waiver. During the plea colloquy, County Court explained the appeal waiver to defendant, who stated on the record that she understood it and that she was waiving her right to appeal as part of the plea agreement, and had spoken to counsel about it. Moreover, in open court she executed a written waiver of appeal which explained the appellate process, and she indicated both that she had discussed the issue with counsel and was freely and voluntarily waiving her right to appeal. Under these circumstances, defendant's appeal waiver is valid (see People v Gilmour, 61 AD3d 1122, 1123 [2009], lv denied 12 NY3d 925 [2009]; People v Mosher, 45 AD3d 970, 970 [2007], lv denied 10 NY3d 814 [2008]).

Defendant also asserts that her plea was not knowingly and voluntarily entered. While this argument survives her appeal waiver, it is unpreserved for review due to her failure to move to withdraw her plea or vacate the judgment of conviction (see People v Dixon, 62 AD3d 1214, 1214 [2009]; People v Grant, 60 AD3d 1202, 1202 [2009]). Nor does the narrow exception to the preservation rule apply, as defendant made no statements during the plea allocution that called into question her guilt or the voluntariness of her plea (see People v Dixon, 62 AD3d at 1214).

Similarly, while defendant's appeal waiver does not bar her ineffective assistance of counsel argument to the extent that it implicates the voluntariness of her plea, the lack of a motion to withdraw the plea or vacate the judgment of conviction leaves it unpreserved for review (see People v Dobrouch, 59 AD3d 781, 781 [2009], lv denied 12 NY3d 853 [2009]). In any event, defendant stated during the plea colloquy that she understood the rights she was giving up, was satisfied with counsel's represen-

tation and had an adequate opportunity to confer with him, and we are satisfied that she received meaningful representation (*see People v Dixon*, 62 AD3d at 1214-1215; *People v Cintron*, 62 AD3d 1157, 1158 [2009]).

Lastly, defendant's argument that the sentence was harsh and excessive is precluded by her valid appeal waiver (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Platero*, 63 AD3d 1446, 1446 [2009]).

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the judgment is affirmed.