■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. BRIDGE, Appellant. [892 NYS2d 624]—

Garry, J.

Defendant was indicted in Broome County on six counts relating to the unlawful possession and sale of a firearm. At the same time, felony charges were pending against him in Tioga County relating to the incident that led to the Broome County indictment. Defendant pleaded guilty to one count of criminal sale of a firearm in the third degree in satisfaction of the Broome County indictment and was sentenced as a second felony offender to a prison term of five years, to be followed by five years of postrelease supervision. He now appeals.

We affirm. Defendant's contention that his plea was not knowingly, voluntarily or intelligently made was not preserved for appellate review because he did not move to withdraw his plea or vacate the judgment of conviction (*see People v Brennan*, 62 AD3d 1167, 1168 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Edwards*, 43 AD3d 1227, 1228 [2007], *lv denied* 9 NY3d 1005 [2007]). Moreover, since defendant made no statements during the plea allocution that cast doubt on his guilt or tended to negate a material element of the crime, the narrow exception to the preservation rule is inapplicable (*see People v Dixon*, 62 AD3d 1214, 1214 [2009], *lv denied* 13 NY3d 743 [2009]). In any event, defendant's claim that he was misled by an alleged discrepancy between a sentence offered to him in Tioga County and an earlier representation made by his attorney is belied by the record, which demonstrates that he expressed his confusion about the Tioga County sentence during an earlier proceeding

and that, at the time of his plea, the terms .of the Broome County and Tioga County agreements were fully explained to him. He confirmed that he understood the agreements, his rights, and the ramifications of pleading guilty, and that he had sufficient time to speak with his attorney (*see e.g. People v Creech*, 56 AD3d 899, 900 [2008], *lv denied* 12 NY3d 815 [2009]; *People v Edwards*, 43 AD3d at 1228).

Defendant's claim that he received ineffective assistance of counsel is similarly unpreserved, at least insofar as it relates to the voluntariness of his plea (*see People v Fiske*, 68 AD3d 1149, 1150 [2009]; *People v Dixon*, 62 AD3d 1214, 1214 [2009]). In any event, defendant confirmed in the course of the plea colloquy that he was not threatened or forced to plead guilty or promised anything in return for his plea (*see People v Elliott*, 62 AD3d 1098, 1099 [2009], *lv denied* 12 NY3d 924 [2009]). Further, although defendant had expressed dissatisfaction with his counsel, County Court determined that his displeasure arose from the rejection of defendant's request for rehabilitation services in lieu of incarceration, and fully explained to defendant that the unavailability of such a resolution arose from the nature of the charges and defendant's criminal history rather than from any failure on counsel's part. Given the favorable disposition negotiated by counsel on defendant's behalf and the absence of anything in the record suggesting a failure of effective assistance, we find that defendant received meaningful representation (*see People v Scitz*, 67 AD3d 1251, 1252 [2009]; *People v Breedlove*, 61 AD3d 1120, 1121 [2009], *lv denied* 12 NY3d 913 [2009]).

Finally, defendant contends that the sentence he received was harsh and excessive. The court acknowledged during sentencing that defendant had a history of mental health and substance abuse problems. Given the nature and seriousness of the charges against him, his criminal history, and his lack of remorse, we find no abuse of discretion or extraordinary circumstances warranting reduction (*see People v Fairley*, 63 AD3d 1288, 1290 [2009], *lv denied* 13 NY3d 743 [2009]).

Cardona, P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.