■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS THOMPSON, Appellant. [894 NYS2d 577]—Rose, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered November 25, 2008, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to the crime of criminal sale of a controlled substance in the third degree. Pursuant to the plea agreement, defendant was sentenced to a term of imprisonment of five years, to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's challenge to the voluntariness of his plea is unpreserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Thompkins*, 58 AD3d 1068, 1068 [2009], *lv denied* 12 NY3d 822 [2009]; *People v Creech*, 56 AD3d 899, 900 [2008], *lv denied* 12 NY3d 815 [2009]). Further, the narrow exception to the preservation rule is inapplicable here as defendant did not make any statements during the plea allocution that either cast doubt on his guilt or otherwise tended to negate an element of the crime (*see People v Swarts*, 64 AD3d 801, 802 [2009]; *People v Grant*, 60 AD3d 1202, 1202-1203 [2009]). In addition, defendant's plea was not rendered ineffective by his unsworn allocution because he was not required to recite the facts underlying his crime (*see People v Smith*, 57 AD3d 1237, 1237 [2008]) and CPL 220.50 does not require a plea to be made under oath. With regard to defendant's contention that his sentence was harsh and excessive, our review of the record reveals that County Court imposed the agreed-upon sentence and we discern no abuse of discretion or the existence of extraordinary circumstances warranting a reduction of his sentence (*see People v Parsons*, 65 AD3d 716 [2009], *lv denied* 13 NY3d 838 [2009]; *People v Smith*, 57 AD3d at 1238).

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.