■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRIDGE, Appellant. [895 NYS2d 260]—

Garry, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered July 21, 2008, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In October 2007, defendant entered a residence in Tioga County and took, among other things, several guns. He was subsequently indicted on nine counts that included two counts

of burglary in the second degree. He was also indicted in Broome County, where he pleaded guilty to a related charge.* In full satisfaction of the Tioga County indictment, defendant pleaded guilty to one count of burglary in the second degree and was sentenced to a prison term of six years with five years of postrelease supervision, to run concurrently with the Broome County sentence. He now appeals.

Defendant's claim that his plea was not knowingly, voluntarily, or intelligently made is unpreserved for appellate review because he did not move to withdraw his plea or vacate the judgment of conviction (see People v Swarts, 64 AD3d 801, 802 [2009]; People v Myricks, 36 AD3d 1006, 1006 [2007], lv denied 8 NY3d 948 [2007]). The narrow exception to the preservation rule is not applicable as defendant made no statements during the plea colloquy that cast doubt on his guilt or negated an element of the crime (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Campbell, 66 AD3d 1059, 1060 [2009]; People v Griffin, 47 AD3d 1164, 1164 [2008]). Notably, County Court initially refused to accept the plea until it was satisfied by defendant's statements in a subsequent hearing unequivocally confirming that he understood the full import of his plea and had committed the crime to which he was pleading guilty. In any event, defendant's plea was not rendered involuntary by the fact that he gave affirmative responses to the court's questions rather than narrating the crime's elements himself (see People v Rosseter, 62 AD3d 1093, 1094 [2009]; People v Kaszubinski, 55 AD3d 1133, 1136 [2008], lv denied 12 NY3d 855 [2009]), and there is no support in the record for his claim that his medications prevented him from understanding the proceedings or otherwise rendered the plea involuntary (see People v McQueen, 57 AD3d 1103, 1103 [2008], lv denied 12 NY3d 760 [2009]; People v Kaszubinski, 55 AD3d at 1135).

Even if defendant's claim that he received ineffective assistance of counsel had been preserved for our review (see People v Patnode, 60 AD3d 1109, 1110 [2009]; People v Sterling, 57 AD3d 1110, 1112-1113 [2008], lv denied 12 NY3d 788 [2009]), we would find it unpersuasive. Among other things, counsel made appropriate pretrial motions (see People v Hall, 57 AD3d 1222, 1227 [2008], lv denied 12 NY3d 817 [2009]) and obtained a favorable disposition (see People v Walley, 63 AD3d 1284, 1286 [2009]); further, defendant confirmed his satisfaction with the representation during the plea colloquy (see People v Dixon, 62 AD3d 1214, 1215 [2009], lv denied 13 NY3d 743 [2009]). Finally,

---

* That conviction was recently affirmed by this Court (People v Bridge, 69 AD3d 969 [2010]).

given defendant's extensive criminal history and failure to express remorse during his presentence interview, we find that the agreed-upon sentence was not harsh or excessive (*see People v Cash*, 19 AD3d 934, 935 [2005], *lv denied* 5 NY3d 804 [2005]; *People v Coles*, 13 AD3d 665, 666 [2004]).

Peters, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.

