■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW J. GLYNN, Appellant. [900 NYS2d 513]—

Peters, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered January 29, 2009, convicting defendant upon his plea of guilty of the crime of attempted criminal sexual act in the first degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted criminal sexual act in the first degree. He subsequently pleaded guilty to this charge, waived his right to appeal and was sentenced to six years in prison to be followed by 10 years of postrelease supervision. Defendant appeals, and we affirm.

Defendant's waiver of appeal is valid. While County Court should not have "lump[ed] that right into the panoply of trial rights automatically forfeited upon pleading guilty" during the plea colloquy (*People v Lopez*, 6 NY3d 248, 257 [2006]), defendant executed a detailed written waiver that adequately described the scope of the appellate rights waived, acknowledged that he had been advised by counsel of his right to appeal, and confirmed that he was intentionally waiving those rights after having been given sufficient time to discuss the consequences of the waiver with counsel. The written appeal waiver initially listed a period of postrelease supervision that differed from that included within the terms of the plea agreement, but defense counsel advised the People of the error prior to the plea colloquy, the correct term of postrelease supervision was recited up front as one of the plea terms, and the written waiver was corrected during the allocution. Defendant then confirmed that counsel had explained to him the significance and consequences of the waiver and that he understood what it meant. Under these circumstances, the record as a whole establishes that de-

fendant knowingly, intelligently and voluntarily waived his right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Gilmour*, 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]; *People v Ramirez*, 42 AD3d 671, 671-672 [2007]).

Defendant's challenges to the voluntariness and factual sufficiency of his guilty plea are not preserved for our review given his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Smith*, 57 AD3d 1237, 1237 [2008]; *People v Phillips*, 28 AD3d 939, 939 [2006], *lv denied* 7 NY3d 761 [2006]). Inasmuch as defendant did not make any statements during the plea allocution that cast doubt on his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation rule is not applicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Smith*, 57 AD3d at 1237). In any event, despite defendant's contentions to the contrary, he verbally confirmed during the plea allocution that he was not on any medication or drugs that impaired his ability to comprehend the proceedings, and it was not necessary for him to personally recite either the elements or the underlying facts of the crime (*see People v Smith*, 57 AD3d at 1237; *People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *People v Bagley*, 34 AD3d 992, 993 [2006], *lv denied* 8 NY3d 878 [2007]).

Defendant's assertion that he was denied the effective assistance of counsel "is precluded by his valid appeal waiver except insofar as the alleged ineffectiveness could be construed to have impacted upon the voluntariness of his plea and, to that extent, the absence of a motion to withdraw the plea or vacate the judgment of conviction renders the matter unpreserved" (*People v Crudup*, 45 AD3d 1111, 1111 [2007]; *accord People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]; *see People v Scitz*, 67 AD3d 1251, 1251-1252 [2009]). Were we to reach the issue, we would find that neither counsel's failure to challenge the voluntariness of statements made by defendant to police nor his failure to move to withdraw the plea on the basis of defendant's claims of innocence contained in the presentence report rendered his representation less than meaningful. Defendant failed to protest his innocence at sentencing when given the opportunity to address County Court and, given the favorable plea bargain negotiated by counsel that significantly reduced his sentencing exposure, we are satisfied that defendant was afforded meaningful representation (*see People v Patnode*, 60 AD3d 1109, 1110-1111 [2009]; *People v Jeske*, 55 AD3d at 1058; *People v White*, 52 AD3d 950, 951 [2008], *lv denied* 11 NY3d 742 [2008]).

Finally, defendant's claim that his sentence is harsh and excessive is precluded by his valid appeal waiver (*see People v Lopez*, 6 NY3d at 255-257; *People v Thomas*, 71 AD3d 1231, 1233 [2010]).

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.