◼ The People of the State of New York, Respondent, v Jeffrey Aubrey, Appellant. [900 NYS2d 922]—Egan Jr., J. Appeal from a judgment of the County Court of Clinton Court (McGill, J.), rendered January 15, 2009, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant waived indictment and pleaded guilty to a superior

court information charging him with criminal possession of a controlled substance in the third degree. Pursuant to the plea agreement, defendant was thereafter sentenced to a term of three years in prison, to be followed by two years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's claims that his plea was not entered knowingly, voluntarily or intelligently and that he was denied the effective assistance of counsel are not preserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Gorrell*, 63 AD3d 1381, 1381 [2009], *lv denied* 13 NY3d 744 [2009]; *People v Dantzler*, 63 AD3d 1376, 1377 [2009], *lv denied* 14 NY3d 799 [2010]). Moreover, with regard to the plea, the preservation rule is inapplicable as defendant made no statements during the plea allocution that cast doubt on his guilt or tended to negate a material element of the crime (*see People v Scitz*, 67 AD3d 1251, 1251 [2009]). In any event, defendant's claims are without merit, as the record reveals that County Court fully apprised defendant of the ramifications of pleading guilty and defendant communicated his understanding on the record, relinquished his rights and freely admitted his guilt (*see People v Swarts*, 64 AD3d 801, 802 [2009]). Further, contrary to defendant's contention, it was not necessary that defendant recite the facts underlying his crime (*see People v Smith*, 57 AD3d 1237, 1237 [2008]).

As to defendant's contention that he was denied the effective assistance of counsel, his claims that counsel failed to meet with him, make certain pretrial motions, investigate certain defenses and pressured him into pleading guilty concern matters outside the record and are not properly the subject of a direct appeal (*see People v Carroll*, 299 AD2d 572, 572-573 [2002], *lv denied* 99 NY2d 626 [2003]). Finally, as the record reflects that defendant did not validly waive his right to appeal (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]), we have considered defendant's challenge to the severity of his agreed-upon prison sentence and find neither an abuse of discretion by County Court nor extraordinary circumstances warranting a reduction in the interest of justice (*see People v Parsons*, 65 AD3d 716, 716 [2009], *lv denied* 13 NY3d 838 [2009]).

Cardona, P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.