■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA BOARD, Appellant. [906 NYS2d 155]—

Rose, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 11, 2007, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.

Defendant pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree and waived his right to appeal. Under the terms of the plea agreement, defendant agreed to cooperate with the Albany County District Attorney by truthfully testifying at a trial on an unrelated matter and County Court agreed that it would impose a sentence not to exceed five years in prison to be followed by three years of postrelease supervision. When defendant appeared for sentencing, the People and defense counsel both indicated that defendant had failed to cooperate as promised and County Court thereafter sentenced defendant to a term of six years in prison to be followed by three years of postrelease supervision.

We affirm. Defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders his challenges to the voluntariness of his plea and the factual sufficiency of the plea allocution unpreserved for our review (*see People v Zakrzewski*, 69 AD3d 1055, 1055 [2010]; *People v Smith*, 56 AD3d 894, 894-895 [2008], *lv denied* 12 NY3d 788 [2009]). Moreover, the narrow exception to the preservation requirement is inapplicable here as defendant did not make any statements during his allocution that were inconsistent with his guilt (*see People v Dixon*, 62 AD3d 1214, 1214 [2009], *lv denied* 13 NY3d 743

[2009]). In any event, our review of the record reveals that County Court fully apprised defendant of the ramifications of his guilty plea and that defendant had discussed the plea with counsel and fully understood its terms, including that the plea bargain was conditioned upon his providing truthful testimony in the unrelated matter. Further, contrary to defendant's contention, he was not required to recite the elements of his crime or engage in a factual exposition, as his unequivocal affirmative responses to County Court's questions were sufficient to establish the elements of the crime charged (*see People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]).

To the extent that defendant contends that he was pressured by counsel into pleading guilty, this claim is unpreserved as well (*see People v Denson*, 40 AD3d 1266, 1266 [2007]). Even if preserved, defendant's allegation involves matters outside the record (*see People v Elliott*, 62 AD3d 1098, 1099 [2009], *lv denied* 12 NY3d 924 [2009]). Moreover, during his plea colloquy, defendant specifically stated that he had not been coerced and was satisfied with counsel's representation. Finally, in light of defendant's valid waiver of the right to appeal, his argument that his sentence was harsh and excessive is precluded (*see People v Campbell*, 67 AD3d 1125, 1126 [2009], *lv denied* 14 NY3d 770 [2010]).

Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.