■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY MANDIVILLE, Appellant. [923 NYS2d 911]—Rose, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 20, 2010, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced as a prior violent felony offender to the agreed-upon prison term of six years followed by three years of postrelease supervision. Defendant now appeals, contending that his plea was involuntary.

We affirm. Defendant's challenge to the voluntariness of his plea is unpreserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Lopez*, 74 AD3d 1498, 1498-1499 [2010]; *People v Thompson*, 70 AD3d 1123 [2010]; *People v Miller*, 66 AD3d 1242, 1243 [2009], *lv denied* 14 NY3d 772 [2010]). Although defendant takes issue with the manner in which the plea colloquy was conducted, he did not make any statements during his allocution that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (*see People v Terpening*, 79 AD3d 1367, 1367-1368 [2010], *lv denied* 16 NY3d 837 [2011]; *People v Miller*, 66 AD3d at 1243; *People v Corbett*, 52 AD3d 1023, 1024 [2008]). Accordingly, the narrow exception to the preservation requirement was not triggered here (*see id.*). Moreover, were we to reach this issue, we would find defendant's argument to be lacking in merit.

"[T]rial courts are not required to engage in any particular

litany during an allocution in order to obtain a valid guilty plea in which [the] defendant waives a plethora of rights" (*People v Moissett*, 76 NY2d 909, 910-911 [1990]; *see People v Graham*, 77 AD3d 1439 [2010], *lv denied* 15 NY3d 920 [2010]; *People v Nickell*, 49 AD3d 1024, 1025 [2008]), and due process is satisfied where the record clearly reflects that "the plea represents a voluntary and intelligent choice among alterative courses of action open to the defendant" (*People v Louree*, 8 NY3d 541, 545 [2007] [internal quotation marks and citation omitted]; *see People v Rivera*, 51 AD3d 1267, 1268 [2008]). Here, defendant was fully advised of the rights that he would be forfeiting in connection with his plea, and the record confirms that defendant's guilty plea was not accepted or entered until after he had been advised of those rights.* Hence, were this issue properly before us, we would find defendant's plea to be knowing, intelligent and voluntary (*see People v Board*, 75 AD3d 833, 834 [2010]; *People v Aubrey*, 73 AD3d 1393, 1394 [2010]; *People v Gutierrez*, 45 AD3d 971, 972 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Folk*, 43 AD3d 1229, 1230 [2007], *lv denied* 9 NY3d 1033 [2008]).

Peters, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* It is the better practice, however, to fully advise the defendant of the rights that he or she would be relinquishing prior to obtaining an admission to the charges and a plea of guilty.