McCarthy, J.
Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered January 26, 2011, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.
Defendant was charged in a nine-count indictment with various crimes in connection with his use of two stolen credit cards. He accepted an offer to plead guilty to one count of forgery in the second degree in satisfaction of the indictment in exchange for a sentence of 2 to 4 years in prison and the payment of $2,935.03 in restitution, but if he paid the restitution before or at sentencing, he would be allowed to withdraw his plea, plead guilty to the lesser charge of attempted forgery in the second degree and be sentenced to IV2 to 3 years in prison. Defendant did not pay any restitution by the time of sentencing. County Court denied defendant’s oral request for a restitution hearing, but defense counsel and the People informed the court that a $316.92 correction to the calculations would reduce the restitution to $2,618.11. County Court sentenced defendant to 2 to 4 years in prison and ordered him to pay $2,618.11 in restitution.[1] Defendant appeals.
Defendant did not preserve his argument that County Court should have conducted a hearing on the voluntariness of his guilty plea. Defendant stated that he wanted to withdraw his plea, and attempted to fire his assigned counsel after counsel stated that he had determined that any motion to withdraw would be frivolous. Although the court informed defendant that he could hire his own counsel or make his own motion to withdraw, the record does not indicate that defendant made a formal motion to withdraw his plea or vacate the judgment of conviction (see People v Gruber, 108 AD3d 877, 877 [2013], lv denied 22 NY3d 956 [2013]; People v Brady, 59 AD3d 748, 748 [2009]). Thus, the issue is unpreserved for our review.
*1141 County Court was required to hold a restitution hearing. A restitution hearing “must be held where the record lacks sufficient evidence for a court to determine the amount of restitution ordered or the defendant requests such a hearing” (People v Stevens, 80 AD3d 791, 792 [2011], lv denied 16 NY3d 900 [2011]; see Penal Law § 60.27 [2]). Although a defendant’s statement at the time of the plea or sentencing can constitute sufficient evidence, that statement must include a concession of facts concerning the amount of loss; a defendant merely stating a dollar amount or making a conclusory admission as part of a plea agreement will not satisfy the court’s obligation or the People’s burden (see People v Consalvo, 89 NY2d 140, 145-146 [1996], citing Penal Law § 60.27 [2]). At sentencing here, defendant requested a hearing. Additionally, despite defendant’s plea agreement, including a condition that he pay a specific amount of restitution, the record does not include sufficient proof to substantiate that amount.[2] Thus, we must remit for a restitution hearing (see People v Spears, 78 AD3d 1380, 1381 [2010]). We have considered defendant’s remaining arguments and find them to be unavailing.
Stein, J.E, Spain and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Although County Court orally informed defendant that it was imposing $2,618.16, the written restitution order listed the amount as $2,618.11.

. The restitution order listed specific amounts, payable to separate victims, of $1,234.79, $316.92 and $1,026.80. The record does not disclose the source of those figures, which only add up to $2,578.51, not the $2,618.11 that the order lists as the total amount. It is also unclear whether the $316.92 charge listed in the restitution order was the same charge that was deleted— based on the credit card charge being cancelled — upon the joint request of defense counsel and the People, resulting in the change in amounts from the plea proceeding to sentencing.