People v Ford (2025 NY Slip Op 00125)

People v Ford

2025 NY Slip Op 00125

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CR-23-0959
[*1]The People of the State of New York, Respondent,
v
Jahmal Ford, Appellant.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Rosenberg Law Firm, Brooklyn (Morgan Namian of counsel), for appellant.
Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Sullivan County (E. Danielle Jose-Decker, J.), rendered August 26, 2022, convicting defendant upon his plea of guilty of the crimes of attempted operating as a major trafficker, conspiracy in the second degree and criminal sale of a controlled substance in the third degree.
In satisfaction of an eight-count indictment, defendant pleaded guilty to the reduced charge of attempted operating as a major trafficker, conspiracy in the second degree and criminal sale of a controlled substance in the third degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to a prison term of nine years, to be followed by two years of postrelease supervision, on the attempted operating as a major trafficker conviction, a consecutive sentence of five years, to be followed by two years of postrelease supervision, on the criminal sale of a controlled substance conviction and a concurrent prison term of 5 to 15 years on the conspiracy conviction. Defendant appeals.
Initially, defendant contends that the waiver of his right to appeal was not knowing, voluntary and intelligent. We disagree. In reviewing the condition of the plea that required defendant to waive his right to appeal, County Court explained that the waiver of appeal was separate and distinct from the rights automatically forfeited by his guilty plea and discussed the nature of the appellate process, which defendant acknowledged he understood. In addition, the court specifically delineated certain rights that survive the appeal waiver, including a challenge to the legality of the sentence imposed. The record reflects that defendant also executed a comprehensive written waiver, affirming that he did not need any additional time to further review and discuss its content with counsel. Despite defendant's lack of experience with the criminal justice system, we are satisfied upon our review of all the relevant facts and circumstances that the record demonstrates that defendant's appeal waiver was knowingly, voluntarily and intelligently entered (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Pepe, 229 AD3d 1007, 1007 [3d Dept 2024]; compare People v Nedd, 230 AD3d 833, 833 [3d Dept 2024]). Given the valid appeal waiver, defendant's challenge to the severity of the sentence imposed is therefore foreclosed (see People v Wickwire, 230 AD3d 1429, 1431 [3d Dept 2024]; People v Pepe, 229 AD3d at 1008).
Although not precluded by the valid appeal waiver, defendant's challenge to the voluntariness of the plea is not preserved for our review as the record does not reflect that he made an appropriate postallocution motion, despite an opportunity to do so, and the narrow exception to the preservation requirement is not implicated (see People v Drayton, 222 AD3d 1045, 1047 [3d Dept 2023], lv denied 41 NY3d 1001 [2024]; People v James, 215 AD3d 1176, 1177 [3d Dept 2023], lv denied 40 NY3d 935 [2023]; [*2]People v Hilliard, 214 AD3d 1259, 1260 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). In any event, were we to consider the issue, we would find that the terms of the plea agreement and sentencing exposure were clearly set forth on the record and that defendant entered a knowing, voluntary and intelligent plea (see People v Singh, 73 AD3d 1384, 1385 [3d Dept 2010], lv denied 15 NY3d 809 [2010]; People v Bridge, 69 AD3d 969, 969-970 [3d Dept 2010]).
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.